# IN THE COURT OF COMMON PLEAS
## CIVIL DIVISION
## CUYAHOGA COUNTY

| | |
|---|---|
| BRENDA BICKERSTAFF<br>9909 Garfield Avenue<br>Cleveland, Ohio 44108 | )    Case No.<br>)<br>)<br>) |
| v. | )    Judge:<br>) |
| CUYAHOGA COUNTY<br>Cuyahoga County Prosecutor's Office<br>1300 Ontario Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>) |
| And | )    <u>COMPLAINT</u><br>)<br>)    <u>JURY TRIAL DEMAND</u> |
| MICHAEL C. O'MALLEY<br>CUYAHOGA COUNTY PROSECUTOR<br>1300 Ontario Street<br>Cleveland Ohio, 44113 | )<br>)<br>)<br>) |
| And | )<br>) |
| JOHN DOE ASSISTANT<br>COUNTY PROSECUTORS  1-2<br>County Prosecutor's office<br>1300 Ontario St.<br>Cleveland Ohio, 44113 | )<br>)<br>)<br>)<br>) |
| And | )<br>) |
| CLIFFORD PINKNEY<br>CUYAHOGA COUNTY SHERIFF<br>1300 Ontario Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>) |
| And | )<br>) |
| THE CITY OF CLEVELAND<br>601 Lakeside Ave,<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>) |
| And | )<br>) |



EXHIBIT

A

|  | ) |
| And | ) |
|  | ) |
| DANIEL MCCANDLESS, Badge #644 | ) |
| THE CLEVELAND POLICE DEPARTMENT | ) |
| 601 Lakeside Avenue | ) |
| Cleveland, Ohio 44113 | ) |
|  | ) |
| And | ) |
|  | ) |
| DELONZO GOSHEN, Badge #742 | ) |
| THE CLEVELAND POLICE DEPARTMENT | ) |
| 601 Lakeside Avenue | ) |
| Cleveland, Ohio 44113 | ) |
|  | ) |
| And | ) |
|  | ) |
| DONALD NUTI, Badge #2150 | ) |
| THE CLEVELAND POLICE DEPARTMENT | ) |
| 601 Lakeside Avenue | ) |
| Cleveland, Ohio 44113 | ) |
|  | ) |
| And | ) |
|  | ) |
| TIMOTHY MCKENZIE, Badge #1816 | ) |
| THE CLEVELAND POLICE DEPARTMENT | ) |
| 601 Lakeside Avenue | ) |
| Cleveland, Ohio 44113 | ) |
|  | ) |

NOW COMES the Plaintiff, Brenda Bickerstaff by and through her attorney Steven Moody, and states her Complaint as follows:

## INTRODUCTION

This action is brought pursuant to Title 42 U.S.C. Sections 1983, 1985 and 1988 for redress of the defendants' deprivation of Brenda Bickerstaff federally protected Constitutional rights of freedom of speech, to be free from unlawful seizure, unlawful arrest, malicious

prosecution, false imprisonment, violation of civil rights, abuse of process and severe emotional distress by the defendants.

## JURISDICTION AND VENUE

1. This action is brought pursuant to Title 42 U.S.C. Sections 1983, 1985 and 1988 to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to Brenda Bickerstaff under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution. The original jurisdiction of the Honorable Court is invoked pursuant to Title U.S.C. 1331 and 1343 (a).

2. The pendent jurisdiction of this Honorable Court is invoked pursuant to Title 28 U.S.C. Section 1367 to consider plaintiffs' claims arising under the Constitution of the United States and the Constitution of the State of Ohio and Ohio Law.

3. Pursuant to Title 28 U.S.C. Section 1391 (b), venue is proper.

## COLOR OF THE STATE LAW

4. At all times relevant hereto, and in each allegation contained herein, the defendants were acting under color of state law or were purporting to act under color of state law pursuant the authority vested in them by virtue of their respective positions of employment, whether elected or appointed.

## PARTIES

5. Plaintiff, **Brenda Bickerstaff,** is a Ohio resident, and citizen of the United States Of America and works as a Private Investigator who was wrongfully arrested and the detained of the City of Cleveland and its Police Department and held by Sheriff of Cuyahoga County Jail, at the instruction of Michael C. O'Malley, Cuyahoga County Prosecuting Attorney (hereinafter

Defendants) and Prosecuted by Cuyahoga County and its Prosecutor and assistant prosecutors (hereinafter Defendants).

    6. Defendant **City of Cleveland** is a chartered municipality organized pursuant to the Home Rule provisions of Article XVIII, Section 7 of the Ohio Constitution.

    7. Defendant, **Frank Bova** heads The Cuyahoga County Sheriff Department (herein "the Sheriff Department") which is organized and operates in accordance with state statues and the county charter. He is sued in his individual capacity as well as his official capacity as County Sheriff. At all times relevant hereto, Frank Bova and the Sheriff Department was the law enforcement entity duly charged with enforcing laws enacted by the United States Congress, the Ohio Legislature and falsely imprisoning Plaintiff Brenda Bickerstaff.

    8. Defendant, **Michael C. O'Malley (herein "Prosecutor O'Malley"),** was the duly elected Prosecuting Attorney of Cuyahoga County. He is sued in his individual capacity as well as his official capacity as Prosecuting Attorney. Prosecutor O'Malley is the chief executive officer of the Cuyahoga County Prosecutor's Office, and is responsible for supervising, governing and regulating the county prosecutor's office and did maliciously continue the prosecution of Plaintiff after it was clear no probable cause existed.

    9. Defendants **John Doe Assistant County Prosecutors 1-2** acted under the authority of O'Malley but did maliciously continue the prosecution of Plaintiff after it was clear no probable cause existed.

## FACTS

    10. On or about November 10, 2015, Plaintiff was operating her motor vehicle in a lawful manner on Empire Avenue in the City of Cleveland just leaving her residence where she had

retrieved her vehicle form her adult son. Bickerstaff and her son shared the vehicle. Her son

worked in the security field as a licensed OPTA security officer. On this date Bickerstaff had

received a call to meet with a client and was hurried. Her son had just driven the vehicle home

from work and passed the keys to Bickerstaff outside as she then took her turn with the vehicle.

Unknown to Bickerstaff her son had left his lawfully registered work firearm in her vehicle in his

bag on the rear seat of her vehicle.

      11. At approximately 9:00pm a Cleveland police cruiser pulled alongside Bickerstaff

containing Defendant police officer McCandless. Bickerstaff and McCandless knew each other

because Bickerstaff had exercised her First Amendment rights and filed a complaint against

McCandless On November 11, 2012. Bickerstaff complained at that time McCandless was

following her and harassing her in her job as Private investigator. Bickerstaff had put the City on

notice that McCandless was following her throughout the 5th and 6th districts I the City of

Cleveland in various patrol cars and violating her rights with unconstitutional stops without

probable cause. (See Exhibit A which is a copy of the Bickerstaff complaint against

McCandless)

      12.On November 10, 2015 McCandless again stopped Bickerstaff without probable

cause.  McCandless gave the false pretense he had stopped Bickerstaff because she was driving

without headlights on. However, at the subsequent criminal trial against Bickerstaff it was found

that Bickerstaff indeed had her headlights on as evidenced by McCandless' own body camera.

Simply put the stop was unconstitutional.

      Defendants Goshen, Nuti and McKenzie were also on scene at this unconstitutional stop

and violated Bickerstaff's rights. However, at some point during the stop Bickerstaff and the

police officers discovered Bickerstaff's son's firearm was in the vehicle.  The plaintiff informed

the police officers the gun was not hers, that it belonged to her son and requested a police supervisor to the scene.

13. Bickerstaff's son also came to scene where the plaintiff to explain to the police officers the gun belonged to him as well as showing proof of ownership and a business reason to have the gun in the vehicle. Police checked the serial numbers of the gun to confirm.

14. Even upon explanation of how the gun was found in the vehicle, as well as showing proof of gun ownership, plaintiff was unlawfully seized, and falsely arrested and imprisoned by the defendants who were without probable cause to stop Bickerstaff in the first place.

15. Plaintiff was charged with Carrying a conceal weapon(CCW), and Weapons under disability. Thereafter, Cuyahoga County through its Prosecutor and assistant prosecutors presented Bickerstaff's case to the Grand Jury without probable cause for such presentation considering the unconstitutional stop and the fact the gun belonged to Bickerstaff's son and was in the vehicle without her knowledge and for scant seconds.

16. Plaintiff was indicted by the Grand Jury for the above referenced charges.

17. A review of the Grand Jury transcripts indicate the prosecutors had not provided information to the Grand Jury about her son's appearance at the scene of the stop; or a recitation of relevant facts the Grand Jury would need in order to make an informed decision on whether probable cause existed to indict Bickerstaff; or that the stop itself was without probable cause or at the very least may have been viewed as without probable cause and unconstitutional and as retaliation for Bickerstaff assertiing her first Amendment rights to complain about one of the arresting officers; or that Plaintiff's son gave a complete and accurate account of the facts that night to the police officers. None of this information was presented to the Grand Jury.

18. Plaintiff asserts the lack of information provided to the Grand Jury and her subsequent prosecution by prosecutors where she was found innocent of all charges at trial is due to her position as a Private Investigator where she often works on criminal defense cases and defeats many criminal prosecutions by these same prosecutors. Plaintiff is employed as an Investigator, who assists criminal defense attorneys regarding felony cases.

19. Plaintiff submits given the types of cases she investigates - which sometimes result in a not guilty verdict or vacated conviction- this has caught the attention of the prosecutors and police officers, which has caused her to be harassed.

20. Because of her involvement in these cases she has been harassed by various assistant prosecutors throughout the County's prosecutor's office. Attached to this Complaint is Exhibit B which is an Affidavit sworn to by Bickerstaff from November 30, 2016 which chronicles at least 12 incidents by various assistant prosecutors against Bickerstaff on the many cases she has worked on as a Private Investigator. Simply put the assistant prosecutors do not like her and harass her. In the instant matter they took the opportunity to maliciously prosecute her without probable cause due to the unconstitutional stop and lack of elements for the charges they presented to the Grand Jury because it was Bickerstaff's son's gun.

21. In all, Plaintiff has asserted her First Amendment rights in filing several complaints against the Cuyahoga County Prosecutor, the Cleveland Police and the Cuyahoga County Sheriff Department for harassment and they all conspired to get their due and violate her Constitutional rights in this prosecution where she was found not guilty of all charges at a bench trial with Judge Michael Shaughnessy on April 20.2017.

## COUNT I
## MALICICIOUS PROSECUTION UNDER 42 USC SECTION 1983

22. Plaintiff hereby incorporates all of the paragraph of this complaint as a fully set forth herein. 42 USC section 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the district of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the information of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, Suit in equity, or other appropriate proceeding for redress…

23. Plaintiff is a citizen of the United States and defendants in this count are persons pursuant to 42 USC section 1983 and acted under color of state law.

24. To recover under section 1983 for malicious prosecution a person must show that:(1) defendants initiated a criminal proceeding;(2) The criminal proceeding ended in plaintiffs favor; (3) The preceding was initiated without probable cause; (4) defendants acted maliciously for a purpose other than bringing plaintive to justice; (5) plaintiff suffered a deprivation of liberty consistent with the concept of a seizure as a consequence of the legal proceeding.

25.As set forth above, plaintiff was subjected to a criminal proceeding initiated by Officers McCandless Goshen Nuti and McKinsey. McCandless fabricated a report and provided the information to supervisors and they filed the criminal complaint against Plaintiff even though they knew the allegations were false and without probable cause.

26. The criminal proceeding ended in plaintiff's favor when the judge entered a not guilty finding on April 20, 2017.

27. The criminal proceeding was initiated without probable cause because the stop was unconstitutional, not all the evidence on which the charges were based were presented to the grand jury, and no additional evidence was ever present to support these charges.

28. Defendants McCandless and the other police officers acted maliciously or for a purpose other than bringing Plaintiff to justice because they initiated the criminal charges to in retaliation and to harass plaintiff and to silence her and her work is a private investigator in violation of her first amendment rights.

29. Plaintiff suffered a deprivation of liberty that is consistent with the concept of a seizure because she was subject to Bail to ensure her attendance at any court dates. Additionally, Plaintiff suffered a deprivation of her procedural due process rights guaranteed by the 14th amendment because not all the evidence was presented in order to initiate the criminal proceedings. Plaintiff is entitled to damages.

## COUNT II
## MUNICIPAL LIABILITYUNDER MONELL

30. Plaintiff hereby incorporates all other paragraphs of this complaint as it fully set forth herein.

31. A municipality maybe held liable for it so employees' violation of the citizens constitutional rights under section 1983, which is generally regarded as a Monell claim.

32. To prevail on a *Monell* claim plaintiff must show a policy or custom created by a policymaker that caused the alleged constitutional violation. In order to succeed under this theory Plaintiff must establish an affirmative link between the policy or the custom and the particular constitutional violation.

33. Here the Cleveland Police Department and the Cuyahoga County Prosecutors office operated under  policies or customs created by the city of Cleveland and county and directed through officers and assistant prosecutors for violating constitutional rights and civil liberties of Brenda Bickerstaff a private investigator after asserting her First Amendment rights to complain against them and testify in cases for criminal defense lawyers.

34. The Cleveland police officers and the prosecutors operated under a policy where they withhold evidence from the grand jury to seek indictment and maliciously prosecute residents of the city of Cleveland. This policy is evident because these officers initiated baseless criminal charges against Miss Bickerstaff when it was clear gun in her car belong to her son and that her stop was unconstitutional.

35. This conduct is evidence the police officers and Cuyahoga county prosecutors withholding of evidence and malicious prosecution is akin to the standard operating procedure of the city and the county. The police officers nor assistant prosecutors ever faced disciplinary action by the city of Cleveland or county which leads one to believe the city and county approved of these tactics as pursuant to city and county policy.

36. Upon complaints by Brenda Bickerstaff the city and county not only ignored her concerns about being targeted by police officers and assistant county prosecutors but engaged in a policy or custom directed at trampling her constitutional rights.

37. As a direct and proximate result of the city and county policy or custom Plaintiff suffered cognizable harm including the violation of her constitutional rights as set forth above.

## COUNT III
## FAILURE TO SUPERVISE PURSUANT TO 42 USC SECTION 1983

38. Plaintiff hereby incorporates all of the paragraph of this complaint as if fully set forth herein.

39. Brenda Bickerstaff is a citizen of the United States and defendants in this case are persons pursuant 242 USC section 1983 and acted under color of state law.

40. As fully set forth above, defendant city of Cleveland and Cuyahoga county failed to adequately supervise defendants in exercising and executing their duties as police officers and assistant county prosecutors. The city and county allowed the police officers and prosecutors free reign to abuse their authority to maliciously prosecute and withhold evidence against city and county citizens including Miss Bickerstaff.

41. The city and county's failure to supervise the police officers and the assistant county prosecutors amounted to a deliberate indifference to the fact that such inaction would obviously result in the violation of Bickerstaff's constitutional rights under the First and Fourth Amendment and the due process clause of the 14th amendment. Both the city and the county

were on notice because there were instances of Miss Bickerstaff complaining about these police officers and county prosecutors' conduct against her, but these employees were never punished and then charges were filed against Ms. Bickerstaff.

42. The city and the county knew the police officers and Prosecutors would confront a situation where they would abuse their authority to infringe upon the constitutional rights of citizens like Bickerstaff because the police officers and Prosecutors engaged in a pattern of harassing Bickerstaff and maliciously prosecuting citizens and withholding evidence to gain indictments.

43. The city and county's decision in arresting, falsely imprisoning, maliciously prosecuting and withholding evidence from the grand jury against Bickerstaff is a matter that the police officers and Prosecutors have a history of mishandling as demonstrated by these officers and Prosecutors past actions against Bickerstaff.

44. A wrong choice in this situation like these or with Bickerstaff will almost always cause a deprivation of constitutional rights of city and county citizens. The police officers' decision to arrest and charge with Bickerstaff and the Prosecutor's decision to maliciously Prosecutor citizens like Bickerstaff will be certain to cause a deprivation of constitutional rights under the Fourth and 14th amendment and in violation of her First amendment rights to complain against the officers and the prosecutors.

45. Defendant city of Cleveland and Cuyahoga County's failure to supervise the police officers and Prosecutors proximately caused the deprivation to Bickerstaff's constitutional rights under the First, Fourth and 14th amendments because if the city and county were adequately supervising the police officers and Prosecutors, Bickerstaff's Rights would not have been violated.

## COUNT IV
## CIVIL CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS UNDER 42 USC SECTION 1983.

46. Miss Bickerstaff hereby incorporates all her paragraphs of this complaint as if fully set forth herein.

47. Defendant police officers and assistant prosecutors engaged in a conspiracy to suppress Bickerstaff's constitutional rights by meeting and planning to initiate false criminal charges on the basis of an illegal and unconstitutional stop.

48. The Police officers and prosecutors engaged in these conspiratorial acts with the intent to violate Bickerstaff's rights, privileges or immunities and her due process rights as guaranteed by the Constitution. By engaging in an unconstitutional stop and not presenting all the evidence to the grand jury the police officers and the county prosecutors acted with intent to secure the malicious prosecution of Bickerstaff. The police officers and assistant prosecutors acted in a manner that exceeded any privilege they may have had.

49. Defendants agreed and understood that they would plot, plan conspire or act in concert with respect to the deprivation of plaintiff's rights by conducting an illegal stop and initiating false criminal charges against her.

50. Defendants had a meeting of the minds because they agreed to take actions which would further their collective objective of harming Bickerstaff by conducting an illegal stop and initiating false criminal charges based on the violation of Bickerstaff constitutional rights.

51. Defendants took affirmative acts in furtherance of the conspiracy by conducting an illegal stop, withholding evidence from the grand jury and initiating false criminal charges against Bickerstaff.

52. Plaintiff suffered serious injuries and damages as a result of defendants' conspiracy to violate her constitutional rights.

## COUNT V
## FAILURE TO INVESTIGATE PURSUANT TO 42 USC SECTION 1983

53. Bickerstaff hereby incorporates all other paragraphs of this complaint as if fully set forth herein.

54. The city of Cleveland and Cuyahoga county failed to investigate complaints that police officers and assistant prosecutors were abusing their authority and harassing Bickerstaff and proceeding in falsely arresting and maliciously prosecuting citizens like Bickerstaff.

55. In failing to investigate the city and county were deliberately indifferent to the fact that inaction would obviously result in police officers and Prosecutors violating Bickerstaff's rights under the first, fourth and 14th amendment.

56. The city and the county where on notice that police officers and Prosecutors were abusing their authority in this manner because they had harassed Bickerstaff in the past along with other county and city residents. Time after time Bickerstaff complained about these police officers and county prosecutors.

57. In failing to investigate, the city and county were deliberately indifferent to the fact that inaction would obviously result in police officers and Prosecutors violating Bickerstaff's rights under the First, Fourth and 14th amendment.

58. The city and county knew that these police officers and Prosecutors would be in this situation again where they have a history of mishandling Bickerstaff because of their prior conduct against Bickerstaff. In these situations, the wrong choice by police officers and Prosecutors would frequently cause the deprivation of constitutional rights guaranteed by the First, Fourth and 14th amendments

59. Defendant city of Cleveland and County's failure to investigate is a proximate cause of the deprivation of Bickerstaff's First, Fourth and 14th amendment rights because had they investigated Bickerstaff's complaints regarding the conduct of these police officers and county

prosecutors they would have been able to intervene and discipline these police officers and Prosecutors prior to them infringing upon the rights of Bickerstaff.

## COUNT VI
## UNLAWFUL ARREST PURSUANT TO 42 USC SECTION 1983

60. Each of the allegations contained in Paragraphs above are hereby incorporated herein by reference as if fully set forth.

61. The Defendants unlawfully arrested Brenda Bickerstaff in violation of her Fourth Amendment right to be free from unlawful seizure in that they arrested her without a lawful warrant for her arrest and without probable cause to suspect that a crime and been committed and that Brenda Bickerstaff had committed that crime.

.

## COUNT VII
## FALSE IMPRISONMENT PURSUANT TO SECTION 1983

62. Each of the allegations contained in Paragraphs above are hereby incorporated herein by reference as if fully set forth.

63. The Defendants through the County Sheriff Clifford Pinkney and police officers unlawfully detained and jailed Brenda Bickerstaff in violation of her Fourth Amendment right to be free from unlawful seizure in that they arrested her without a lawful warrant for her arrest and without probable cause to suspect that a crime and been committed and that Brenda Bickerstaff had committed that crime.

.

64. At all times the Plaintiff was jailed, shackled, and confined against her will, the Defendants actions were willful, wanton and reckless, and were the proximate cause of Brenda Bickerstaff injuries.

65. The Defendants are, therefore, liable in their official and individual capacities for Brenda Bickerstaff injuries resulting from her unlawful arrest.

## COUNT VIII
## ABUSE OF PROCESS PURSUANT TO SECTION 1983

66. Each of the allegations contained in paragraphs above are hereby incorporated herein by reference as if fully set forth.

67. Defendants with malice did abuse and pervert the prosecutorial system an attempt to accomplish the goal of convicting Bickerstaff without probable cause and in retaliation for asserting First Amendment free speech rights, which resulted in the unlawful imprisonment and prosecution of the Plaintiff.

## COUNT IX
## INTENTIONAL AND NEGLIGENT INFLICTION
## OF EMOTIONAL DISTRESS

68. Each of the allegations contained in paragraphs above are hereby incorporated herein by reference as if fully set forth.

69. Defendants with extreme and outrageous conduct did use the prosecutorial system an attempt to accomplish the goal of convicting citizens based upon out dated evidence, which resulted in the unlawful imprisonment and prosecution of the Plaintiff.

70. Defendants with extreme and outrage conduct did recklessly use the prosecutorial system in an attempt to accomplish the goal of convicting citizens based upon out dated

evidence, which resulted in the unlawful imprisonment of the Plaintiff causing extreme emotional distress to Brenda Bickerstaff about his freedom.

71. The Defendants are, therefore, liable in their official and individual capacities for Brenda Bickerstaff injuries resulting from their extreme and outrageous conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment against the defendants as follows:

1. Compensatory damages in the amount of Five Million Dollars (5,000,000.00) against all defendants jointly and severally; and

2. Punitive damages in the of Ten Million Dollars (10,000,000.00) against all of the individual defendants in their individual capacities, jointly and severally; and

3. Reasonable attorney's fees and cost in prosecuting this action pursuant to Title 42 U.S.C. Section 1988; and certainly, an amount in excess of $25, 000.00.

For such other relief the Court deems just, and proper which equity may require.

**A TRIAL BY JURY IS REQUESTED**

Respectfully Submitted,

*/s/ Steven J. Moody*

STEVEN J. MOODY (0074731)
5080 Warrensville Center Road
Maple Heights, OH 44101
(216)930-4238 phone
216-930-4239 fax
Stevenmoody1@yahoo.com
**ATTORNEY FOR PLAINTIFF**

.ıll Sprint 🛜                    7:43 PM                    90% 🔋 ⚡

**Done**            **img-415170746.pdf**            

---

<u>**OFFICE OF THE RESEARCH SPECIALIST/ BRENDA V. BICKERSTAFF**</u>
9909 Garfield Avenue Cleveland, Ohio 44108
Phone: 216-851-7348 FAX 216-851-7466

Office of Professional Standards
205 St. Clair Avenue
Cleveland, Ohio 44113
November 2013

Chief McGrath
1200 Ontario Street
Cleveland, Ohio
November 2013

Deputy Chief Morrow
1200 Ontario Street
Cleveland, Ohio 44113

**RE: Badge Number 644**
**RE: Daniel Mccandless**

    This officer is always following behind, me, my question here is why don't  he pull me

over if I am violating a traffic stop instead of following, my license is valid and I have insurance.

He hides out in different zone cars when, I called the station I spoke to an officer to get his badge

number and was given a wrong badge number on purpose, I was given a four digit number badge

number which was incorrect. I found out four digit badge numbers belonged to supervisors. I

saw him later in the neighborhood and pointed him out to another officer and I was given the

correct badge number.

    This is the way, I feel about his "a..., wait I am going to exercise my first amendment

right freedom of speech and expression." First he is a dam bully, I don't like bullies, I guess he

ran my background and saw my record and figure out I am going to get her a..., and send her,

Electronically Filed 04/20/2018 23:32 / / CV 18 896564 / Confirmation Nbr. 1363421 / CLJSZ

sorry Charlie I try my best not to do things that places me in situations and guess him and his

buddy Luceralli, or should, I say lickeralli is sitting up a game plan to get me out of commission



or to stop me from investigating cases to make sure that they stop violating citizens civil rights and sending them to prison on a lie just like luceralli tried to do to me.

Now look, tell him to stop, dam following me once, again I am in fear of my life and my safety, he is scary looking which is intimidating. I have expressed concerns about other officers harassing me from that same district 6th. The finale thought here is to tell them to leave me the hell alone all of those officers need to leave me alone.

I hope, I have made myself dam clear.

Brenda V Bickerstaff
216-355-6232

████████████████████████████████████

STATE OF OHIO            )
                         )          **AFFIDAVIT**
COUNTY OF CUYAHOGA )


Brenda V. Bickerstaff, after being duly sworn, does hereby depose and state the

following:

1.  Affiant is a private investigator working for private criminal defense lawyers
    in Northeast Ohio with the majority of her investigations occurring in
    Cuyahoga County, Ohio.

2.  Affiant was indicted in Case No. CR 15-601122-A has been charged in a
    three count indictment charging her with Having Weapons Under Disability
    pursuant to O.R.C. 2923.13(A)(2), a 3rd degree felony, Carrying a Concealed
    Weapon pursuant to O.R.C. 2923.12(A)(1), a 2nd degree felony and
    Tampering with Evidence pursuant to O.R.C. 2921.12(A)(1), a 3rd degree
    felony.

3.  On or about November 10, 2015 at approximately 8:00p.m., Ms. Bickerstaff
    was operating a motor vehicle in a lawful manner when she was unlawfully
    stopped by Cleveland Police Officers on Empire Avenue, Cleveland, Ohio,
    purportedly for driving without her headlights.  Videotape from the scene
    establishes that her headlights were on when she was stopped.  The officers
    unlawfully searched Ms. Bickerstaff's vehicle and discovered a Mossberg 12
    gauge shotgun in a soft case.  Edward Bickerstaff came to the scene and
    claimed that he was the true owner of the shotgun, that he normally keeps it
    locked up but took it out to get cleaned, that he transported the firearm in his
    mother's automobile without her knowledge to a friend's house to get it
    cleaned, that he later returned to the home he shares with Ms. Bickerstaff and
    forgot to remove it from the vehicle, that his mother then took the vehicle and
    drove off  without knowing the shotgun was in the rear of the vehicle the night
    of her arrest.  Mr. Bickerstaff also informed the officers that he maintains a
    CCW permit for the shotgun and that he is a OPATA licensed peace officer.

4.  The grand jury transcripts provided to defense counsel  does not reveal Mr.
    Bickerstaff's full account of the facts he related to the police that evening,
    specifically that the Defendant had no knowledge the shotgun was in her
    vehicle.  The Defendant has reason to believe that this information was not
    presented to the Grand Jury by the Cuyahoga County Prosecutor's Office,
    with good reason, as revealed by the transcripts.

5.  Brenda Bickerstaff is an Investigator that assists many criminal defense
    lawyers in Cuyahoga County, often times in serious felony cases, including

murders and rapes. Several of the cases she has worked on have resulted in not guilty verdicts or vacated convictions. She often times will interview victims and witnesses for defense counsel, which she tape records. Her work has come to the attention of prosecutors and law enforcement officers. Over a period of years she has been harassed and mistreated by prosecutors and law enforcement officers and she is not afraid to assert her rights as an Investigator and citizen. She has filed complaints with supervisors, bar associations and law enforcement agencies, such as the United States Department of Justice and the Federal Bureau of Investigation. The vast majority of her confrontations have involved employees of the Cuyahoga County Prosecutor, the Cleveland Police Department and the Cuyahoga County Sheriff.

6. The following are examples of the conflicts I have had with Assistant Cuyahoga county Prosecutors:

A. State of Ohio v. Bruce Feldman, Case No. 481059- during the investigation I attempted to reach a witness employed at one time by Dr. Feldman. Assistant County Prosecutor Daniel Kasaris called me at my home phone number and informed me that I would be indicted if I contact the witness again. This was not true.

B. State of Ohio v. Jonathan Reese, Case No. 518105- Assistant County Prosecutor Brent Kirvel alleged that I threatened a rape victim about changing her statement to avoid a conviction for the Defendant. This was not true.

C. State of Ohio v. Orlando Westley, Case No. 595167- Assistant County Prosecutor Brian Kraft informed the court that I was known to threaten and harass witnesses in cases that I investigate. This was not true.

D. State of Ohio v. Marquis Jones, Case. No. 504201-Assistant County Prosecutor Blaise Thomas alleged that I had threatened and shaken witnesses so bad that they were afraid and that he was going to get me indicted. This was not true.

E. State of Ohio v. Richard Smith, Case No. 593753, Assistant County Prosecutor Eleina Thomas alleged that I broke into a house of a witness and I was threatened by Detective Shoulders of the Cleveland Police Department. This was not true.

F. State of Ohio v. Stefani Gross, Case. No. 539251, Assistant County Prosecutor Kristen Karkut alleged that I threatened a witness and moved the Court for a no contact order with the victim, which was later vacated by the Court. This was not true.

G. State of Ohio v. Khalilah Crumpler, Case No. 556373, Assistant County Prosecutor Mary Weston alleged that I contacted a victim and told him he would cause him bodily harm. This is not true.

H. State of Ohio v. Diondrey Daniels, Case No. 591054, Assistant County Prosecutor Stephanie Hall alleged that I lied to and harassed a victim. This is not true.

I. State of Ohio v. Malik Doss, (Juvenile Case), Assistant County Prosecutor Michael Horn claimed I threatened a rape victim, when I never even contacted this person. This was not true.

J. State of Ohio v. Andre Boykins, Case No.            , Assistant County Prosecutor Mark Schneider alleged that I threatened a rape victim and her mother. This was not true.

K. State of Ohio v. Brenda Bickerstaff- I attempted to expunge my own record and Assistant County Prosecutor Diane Smilanek informed the the court I was a sexual assault victim (without my knowledge and consent and I was a minor victim) and one of my prior convictions involved harassing Honorable Judge Richard McMonagle.

7. On or about April 12, 2012, Ms. Bickerstaff was wrongfully indicted in Case No. CR-12-561250-A for Intimidation of a Crime Victim or Witness and Telecommunications Harassment in the Court of Common Pleas of Cuyahoga County. This indictment was based on the false testimony of a witness that claimed she was harassed by Ms. Bickerstaff. Ms. Bickerstaff had recorded the interview and it exculpated her completely. More alarming was that the Officer who pursued the charges was "sexting" with the alleged victim and numerous other witnesses in other cases and had in interest in discrediting Ms. Bickerstaff. The sex texts were obtained before Ms. Bickerstaff was wrongfully indicted and delivered to the Cuyahoga County Prosecutor's Office. She was indicted anyway, without just cause and it can only be assumed that the "sexting" information was not presented to the Grand Jury before it returned a True Bill. Ultimately, the criminal case was dismissed against Ms. Bickerstaff and she later filed a civil suit in the United States District Court relating to this incident.

FURTHER AFFIANT SAYETH NAUGHT.

MARY WILLIAMS
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Cuyahoga County
My Comm. Exp. 11/6/18

BRENDA V. BICKERSTAFF

Sworn and subscribed before me this 30th day of November 2016.

Mary Williams Notary