IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRENDA BICKERSTAFF, ) | Case No. 1:18-cv-1142 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| CUYAHOGA COUNTY, *et al.* ) | |
| ) | |
| Defendant. ) | **ORDER** |
| ) | |

Defendants, Cuyahoga County, Prosecutor Michael O'Malley, and Sheriff Clifford Pinkney (the "County Defendants"), moved to stay discovery pending the resolution of their motion for judgment on the pleadings. ECF Doc. 42. The County Defendants argue that discovery should be stayed because their motion for judgment on the pleadings raised several case-dispositive arguments, including qualified immunity and Ohio Rev. Code § 2744 immunity. ECF Doc. 42 at 2-3. Plaintiff Brenda Bickerstaff responds that the defendant's motion to stay discovery should be denied because: (1) the rules of civil procedure do not provide for an automatic stay of discovery while a case-dispositive motion is pending; and (2) the defendant's motion is just another step in their attempt to harass Bickerstaff and mislead the court. ECF Doc. 45.

District "courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Bens. Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*,

190 F.3d 708, 719 (6th Cir. 1999)). "[T]he mere fact that a party has filed a motion to dismiss is insufficient on its own to support a stay of discovery." *Osborn v. Griffin*, No. 11-89-WOB-CJS, 2011 U.S. Dist. LEXIS 163200 * 21 (E.D. Ken. 2011) (citing *Hahn*, 190 F.3d at 719-20). Instead, district courts generally "weigh[] the burden of proceeding with discover upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-cv-272, 2018 U.S. Dist. LEXIS 174305 *4 (S.D. Ohio 2018) (noting that a stay causes less hardship than a complete prohibition). Limiting pretrial discovery is appropriate when claims "may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings*, 349 F.3d at 304 (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").

Because the County Defendants would be protected from suit if they meet the requirements for immunity, as asserted in their motion for judgment on the pleadings, the burden of permitting discovery to move forward at this time outweighs the hardship that a stay of discovery would cause. Nevertheless, the court notes that the County Defendants filed an August 3, 2018, report indicating that "[t]he parties . . . will exchange [Rule 26(a)(1)] disclosures by August 22nd, 2018." ECF Doc. 10 at 1. Because the County Defendants were prepared to make those disclosures in in August 2018, it is unlikely that following through with their plan would be unduly burdensome while their motions for judgment on the pleadings are pending. Accordingly, the County Defendants' motion to stay discovery is DENIED in part with regard to

2

initial disclosures and GRANTED in part with respect to all other discovery. The County Defendants shall make their initial disclosures on or before April 19, 2019.

    **IT IS SO ORDERED.**

Dated: April 8, 2019

                                                Thomas M. Parker
                                      United States Magistrate Judge