# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Brenda Bickerstaff,** | **Case No. 1:18cv1142** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Cuyahoga County, *et al.*,** | |
| **Defendants** | **MEMORANDUM OPINION AND ORDER** |

Currently pending are the Objections of *pro se* Plaintiff Brenda Bickerstaff and Defendants Daniel McCandless, DeLonzo Goshen, Donald Nuti, and Timothy McKenzie to the Report & Recommendation of Magistrate Judge Parker dated August 12, 2019. (Doc. Nos. 90, 91, 92.) For the following reasons: (1) Plaintiff's Objections (Doc. Nos. 90, 91) are DENIED; (2) the Objection of Defendants McCandless, Goshen, Nuti and McKenzie (Doc. No. 92) is DENIED with the exception that the Court clarifies that Plaintiff's Supplemental Brief (Doc. No. 69) and Sur-replies (Doc. Nos. 77, 83) should be marked on the docket as stricken. In all other respects, the Magistrate Judge's Report & Recommendation is ADOPTED.

## I.    Background

As the procedural history and factual allegations are set forth at length in the Report & Recommendation ("R&R"),[1] they will not be repeated in full herein. The Court will recite only that background necessary for resolution of the instant Objections.

### A.    Factual Allegations

---

[1] The parties do not object to either the Procedural Background or Facts Sections of the Report & Recommendation and, therefore, those sections of the R&R are hereby adopted.

In April 2018, Plaintiff Brenda Bickerstaff (hereinafter "Plaintiff" or "Bickerstaff"), through counsel, filed a Complaint in the Cuyahoga County Court of Common Pleas against the following defendants: (1) Cuyahoga County; (2) Cuyahoga County Prosecutor Michael O'Malley; (3) John Doe Assistant County Prosecutors 1-2; (4) Cuyahoga County Sheriff Clifford Pinkney; (5) the City of Cleveland; and (6) City of Cleveland Police Officers Daniel McCandless, DeLonzo Goshen, Donald Nuti, and Timothy McKenzie. (Doc. No. 1-1.) Defendant Cuyahoga County removed this action to this Court on May 17, 2018. (Doc. No. 1.)

In the Complaint, Plaintiff alleges the following facts. Plaintiff is employed as a private investigator and often works for criminal defense attorneys on felony cases. (Doc. No. 1-1 at ¶ 18.) Sometimes her work resulted in a not guilty verdict or vacated conviction, which "has caught the attention of the prosecutors and police officers." (*Id*. at ¶ 19.) Because of her involvement in these cases, she has been harassed by various assistant prosecutors and law enforcement officers over a period of years. [2] (*Id*. at ¶ 20.) "Time after time Bickerstaff complained about these police officers and county prosecutors" but neither the City or County ever investigated her complaints. (*Id*. at ¶ 55, 56.) Plaintiff also claims that no officers or prosecutors were ever disciplined for their harassing behavior. (*Id*. at ¶ 41.)

At some point, the Officer Defendants and assistant prosecutors met and planned to "initiate false criminal charges on the basis of an illegal and unconstitutional stop." (*Id.* at ¶ 47.) Specifically,

---

[2] Of particular relevance, Plaintiff alleges that, in November 2012, she filed a complaint against Defendant McCandless, alleging that he was "following her and harassing her in her job as a Private Investigator." (*Id*. at ¶ 11.) A copy of this complaint is attached as an exhibit to the Complaint herein. *See* Doc. No. 1-1 at PageID#s 23-26. Plaintiff also attaches to the Complaint an Affidavit, in which she lists eleven specific examples of conflicts she had with Assistant County Prosecutors in various cases that she worked on. (Doc. No. 1-1 at PageID#s 27-29.) She also states that she was wrongfully indicted in April 2012 for Intimidation of a Crime Victim or Witness and Telecommunications Harassment. (*Id*.) Plaintiff claims the officer who pursued the charges against her in that case was "sexting" with the alleged victim, but she was indicted anyway. (*Id*.) She asserts the case was later dismissed. (*Id*.)

these Defendants "agreed and understood that they would plot, plan, conspire, or act in concert with respect to the deprivation of plaintiff's rights by conducting an illegal stop and initiating false charges against her." (*Id*. at ¶ 49.)

On November 11, 2015, Plaintiff went to her residence where she retrieved her car from her adult son. (*Id*. at ¶ 10.) She and her son shared the vehicle. (*Id*.) Her son worked as a licensed security officer and owned a lawfully registered work firearm. (*Id*.) On this particular day, Plaintiff had received a call from a client and was in a rush. (*Id*.) Her son had just arrived home from work, and "passed the [car] keys to Bickerstaff outside as she then took her turn with the vehicle." (*Id*.) "Unknown to Bickerstaff her son had left his lawfully registered work firearm in her vehicle in his bag on the rear seat of her vehicle." (*Id.*)

Shortly after Plaintiff had driven away from her residence, at approximately 9:00 p.m., Defendant Officer McCandless pulled alongside her and initiated a traffic stop. (*Id*. at ¶ 11.) The purported basis of this stop was that Plaintiff was driving without her headlights on. (*Id*. at ¶ 12) However, "at the subsequent criminal trial against Bickerstaff it was found that Bickerstaff indeed had her headlights on as evidenced by McCandless' own body camera." (*Id*.) Defendant Officers Goshen, Nuti and McKenzie were also on the scene. (*Id*.)

At some point, the Officers discovered that Plaintiff's son's firearm was in the vehicle. (*Id*.) Plaintiff explained to the Officers that the gun was not hers and requested a police supervisor to the scene. (*Id*.) Plaintiff's son also came to the scene to explain to the police that the gun belonged to him, "as well as showing proof of ownership and a business reason to have the gun in the vehicle." (*Id*. at ¶ 13.) The police checked the serial numbers of the gun to confirm. (*Id*.)

Nonetheless, Plaintiff was "unlawfully seized, and falsely arrested and imprisoned by defendants who were without probable cause to stop Bickerstaff in the first place." (*Id*. at ¶ 14.) Officer McCandless allegedly "fabricated a report and provided the information to supervisors." (*Id*. at ¶ 25.) Plaintiff was charged with Carrying a Concealed Weapon ("CCW") and Weapons Under Disability ("WUD"). (*Id*. at ¶ 15.) Plaintiff's case was presented to the Grand Jury by Cuyahoga County prosecutors. (*Id*.) Plaintiff alleges that "[a] review of the Grand Jury transcripts indicate the prosecutors had not provided information to the Grand Jury about her son's appearance at the scene of the stop; or a recitation of relevant facts the Grand Jury would need in order to make an informed decision on whether probable cause existed to indict Bickerstaff; or that the stop itself was without probable cause or at the very least may have been viewed as without probable cause and unconstitutional and as retaliation for Bickerstaff asserting her first Amendment rights to complain about one of the arresting officers; or that Plaintiff's son gave a complete and accurate account of the facts that night to the police officers." (*Id*. at ¶ 17.)

On April 20, 2017, Plaintiff was found not guilty of all charges after a bench trial. (*Id*. at ¶ 21.) Neither the Defendant Officers or the Cuyahoga County prosecutors "ever faced disciplinary action by the city of Cleveland or county" as a result of this incident. (*Id*. at ¶ 35.)

Plaintiff's Complaint asserts the following nine counts: (1) malicious prosecution under 42 U.S.C. § 1983 (Count I); (2) "municipal liability under Monell" (Count II) (3) failure to supervise pursuant to 42 U.S.C. § 1983 (Count III) (4) "civil conspiracy to constitutional rights under 42 U.S.C. § 1983" (Count IV); (5) failure to investigate pursuant to 42 U.S.C. § 1983 (Count V); (6) unlawful arrest pursuant to 42 U.S.C. § 1983 (Count VI); (7) false imprisonment pursuant to 42 U.S.C. § 1983

(Count VII) (8) abuse of process pursuant to 42 U.S.C. § 1983 (Count VIII) and (9) intentional and negligent infliction of emotional distress (Count IX).

## B. Procedural History

Answers were filed by Defendants City of Cleveland, Cuyahoga County, Prosecutor O'Malley, and Sheriff Pinkney in June 2018. (Doc. Nos. 5, 6.) After receiving an extension of time to do so, Plaintiff perfected service on Defendants McCandless, Goshen, Nuti, and McKenzie (hereinafter "the Officer Defendants") in February 2019. (Doc. Nos. 23-28.) The Officer Defendants filed their Answer on February 14, 2019. (Doc. No. 34.)

Meanwhile, in November 2018, Plaintiff notified the Court that her attorney was "under suspension with the Ohio Supreme Court and cannot continue to represent plaintiff at this time." (Doc. No. 13.) Then-assigned District Judge Christopher Boyko granted Plaintiff thirty days to obtain new counsel or proceed *pro se*. (Doc. No. 14.) On November 26, 2018, Plaintiff advised the Court that she intended to proceed *pro se*. (Doc. No. 15.)

The matter was referred to Magistrate Judge Parker for pre-trial supervision. (Doc. No. 16.) Judge Parker conducted a CMC on March 5, 2019, at which time certain case management deadlines were set. (Doc. No. 37.)

On March 15, 2019, Defendants Cuyahoga County, Prosecutor O'Malley, and Sheriff Pinkney (hereinafter "the County Defendants") filed a Motion for Judgment on the Pleadings and Motion for Stay of Discovery. (Doc. Nos. 41, 42.) Shortly thereafter, Defendants City of Cleveland, and Officers McCandless, Goshen, Nuti and McKenzie filed a Motion for Judgment on the Pleadings. (Doc. No. 43.) Plaintiff filed a Motion to Compel Discovery on March 28, 2019. (Doc. No. 44.)

On April 8, 2019, Magistrate Judge Parker denied the County Defendants' Motion to Stay Discovery with respect to Initial Disclosures but granted it with respect to all other discovery. (Doc. No. 50.) Later that month, Judge Parker ordered the City of Cleveland to supplement its Initial Disclosures. (Doc. No. 55.)

On June 4, 2019, Magistrate Judge Parker granted Plaintiff an extension of time until June 18, 2019 to file her response to Defendants' Motions for Judgment on the Pleadings. (Doc. No. 66.) Plaintiff filed a Brief in Opposition to Defendants' Motions on June 18, 2019, followed by a "Supplement Brief in Opposition" the next day. (Doc. No. 67, 69.) Defendants filed Reply Briefs in July 2019. (Doc. Nos. 70, 82.) Plaintiff thereafter filed a Response to Defendants' Reply Brief. (Doc. No. 77.) Several weeks later, Plaintiff filed what appears to be another Response to Defendants' Reply Brief. (Doc. No. 83.)

Defendants then filed a series of Motions to Strike. Specifically, on July 2, 2019, the City of Cleveland and Officer Defendants moved to strike Plaintiff's "Supplement Brief in Opposition," which Plaintiff opposed. (Doc. Nos. 74, 76.) The County Defendants then moved to strike Plaintiffs' Response to Defendants' Reply Brief, which Plaintiff also opposed. (Doc. Nos. 78, 81.) Finally, on August 5, 2019, the City of Cleveland and Officer Defendants moved to strike Plaintiff's second Response to Defendants' Reply Brief, which Plaintiff again opposed. (Doc. No. 84.)

On August 12, 2019, Magistrate Judge Parker issued a R&R on Defendants' Motions for Judgment on the Pleadings and Motions to Strike. (Doc. No. 87.) Therein, Magistrate Judge Parker recommended that the Defendants' various Motions to Strike be granted. (*Id*. at p. 12.) However, he found that Plaintiff's improper filings clarified her arguments and therefore should remain on the docket as public records. (*Id*. at pp. 12-13.) Magistrate Judge Parker also recommended that the

Court decline to take judicial notice of certain documents attached to Plaintiff's Briefs in Opposition (Doc Nos. 67, 69), on the grounds that they were not relevant and/or were offered for the truth of the matters asserted therein. (Doc. No. 87 at pp. 40-41.)

With regard to the parties' substantive arguments, Magistrate Judge Parker recommended that the Court grant the County Defendants' Motion for Judgment on the Pleadings and *sua sponte* dismiss the John Doe Assistant County Prosecutor Defendants. (*Id*. at pp. 16-17, 54.) He further recommended that the Court grant the City of Cleveland and Officer Defendants' Motion for Judgment on the Pleadings with regard to Plaintiff's claims for: (1) unlawful arrest; (2) false imprisonment; (3) abuse of process; (4) civil conspiracy (as against the City of Cleveland but not the Officer Defendants); (5) malicious prosecution (as against the City of Cleveland and Officers Goshen, Nuti, and McKenzie, but not Officer McCandless); (6) Monell liability (including custom-or-policy claims, failure-to-investigate claims, and failure-to-supervise claims); and (7) emotional distress (as against the City of Cleveland but not the Officer Defendants) (*Id*. at pp. 54-55.) Magistrate Judge Parker recommended the City's Motion be denied with respect to Plaintiff's claims for malicious prosecution against Defendant McCandless, as well as her civil conspiracy and emotional distress claims against the Officer Defendants. (*Id*. at p. 55.)

Finally, Magistrate Judge Parker recommended that the Court *sua sponte* grant Plaintiff leave to amend (1) the malicious-prosecution claim against Officers Goshen, Nuti, and McKenzie; (2) the abuse of process claim against the Officer defendants; and (3) the Monell claims against Cleveland and Cuyahoga County. (*Id*.)

Plaintiff filed Objections and "Supplemental Objections" to the R&R on August 26, 2019, which Defendants opposed.  (Doc. Nos. 90, 91, 93, 94.)  The City of Cleveland and Officer Defendants filed Objections on August 27, 2019, which Plaintiff opposed.  (Doc. No. 92, 95.)

## II.    Standard of Review

### A.    On Objections

Pursuant to Fed. R. Civ. P. 72(b)(3) and 28 U.S.C. § 636(b)(1)(C), the District Court shall review *de novo* any finding or recommendation of a Magistrate Judge's Report and Recommendation to which specific objection is made.  As explained in this Court's Local Rules, the district judge:

> shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Local Rule 72.3(b).  "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, 2006 WL 903199 at * 7 (N.D. Ohio April 7, 2006).  Parties are not permitted, at the district court stage, to raise new arguments or issues that were not presented to the magistrate.  *Murr v. United States*, 200 F.3d 895, 902, fn1 (6th Cir.2000) (citing *United States v. Waters*, 158 F.3d 933 (6th Cir.1998)).  *See also Shoemake v. Mansfield City School Dist. Bd. of Educ.*, 2015 WL 2195065 at * 2 (N.D. Ohio May 11, 2015).

As the Supreme Court explained in *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other

standard, when neither party objects to those findings." A party who fails to file an objection waives the right to appeal. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir.1981).

**B.     Motion for Judgment on the Pleadings**

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted).

The same standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim applies to a Rule 12(c) motion for judgment on the pleadings. *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

The measure of a Rule 12(b)(6) challenge — whether the Complaint raises a right to relief above the speculative level — "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir.2008) (quoting in part *Twombly*, 550 U.S. at 555–556, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

9

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S.Ct. 1937.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting in part *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)) (quoting *Twombly,* 127 S.Ct. at 1964). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

## III.    Analysis

### A.    Plaintiff's Objection

Plaintiff's sole objection is to Magistrate Judge Parker's recommendation that the Court decline to take judicial notice of certain documents attached to Plaintiff's Briefs in Opposition (Doc. Nos. 67, 69) to Defendants' Motions for Judgment on the Pleadings.  Specifically, Magistrate Judge Parker recommended the Court decline to take judicial notice of the following nine documents attached to Plaintiff's Briefs:

> (1) a March 26, 2018 journal entry in *State v. Griffin*, Cuy. Cty. Ct. Com. Pl. Case No. CR-17-621174-A, indicating that defendant Griffin pleaded guilty to felonious assault charges and imposing a prison sentence of 5 years (Doc. No. 67 at p. 13);

(2) a cleveland.com article dated November 21, 2010 reporting that former Prosecutor Bill Mason had a practice of bringing criminal charges in cases with little or no evidence to support a conviction (Doc. No. 67 at pp. 15-26);

(3) a March 25, 2019 letter from Plaintiff to the Cuyahoga County Prosecutor's Office complaining that Blaise Thomas accused her of harassing a state witness in the case of *State v. Green*, Cuyahoga County Case No. 18-633994 (Doc. No. 67 at pp. 28-29);

(4) a January 6, 2016 letter from the Cuyahoga County Sheriff's Department, Public Records Manager to Plaintiff responding to a public records request and stating that Brenda Bickerstaff did not have a CCW permit (Doc. No. 67 at 31);

(5) a June 27, 2016 letter from Plaintiff to the Cuyahoga County Sheriff's Department complaining that a Sheriff's Office employee was rude to her when she was trying to get information about where a client was being held, as well as a Complaint form regarding the same incident (Doc. No. 67 at pp. 32-34);

(6) an April 6, 2016 email from Plaintiff to Cuyahoga County complaining that a Sheriff's deputy called a judge in her then-pending criminal case to say that she had harassed sheriff's deputies (Doc. No. 67 at 36);

(7) a June 5, 2017 letter from Plaintiff to Cuyahoga County Sheriff's Office Court Security Supervisor Ltn. Rivera, Cuyahoga County Court of Common Pleas Judge Shannon Gallagher, attorney Steven Moody, and Cuyahoga County Court of Common Pleas Court Administrator Gregory Popovich, complaining that Sheriff's Deputy Fanera was rude to her when she went to the courthouse and told her she was banned from one of the floors of the courthouse (Doc. No. 67 at pp. 37-40);

(8) an April 25, 2013 letter from Plaintiff to Cuyahoga County Court of Common Pleas Judge Peter Corrigan, complaining that prosecutors lied to her and failed to provide the court with information about her arresting officers' (Lucarelli) sexual misconduct with crime victims (Doc. No. 69-1 at 32); and

(9) a page from an unidentified and undated document that appears to indicate that on one occasion an off-duty officer had used excessive force, but that the Cleveland Police Department did not discipline him (Doc. No. 69-1 at p. 34).

(Doc. No. 87 at pp. 40-41.)  In the R&R, Judge Parker recommends that the Court decline to take judicial notice of the above documents on the grounds that they are not relevant to Plaintiff's Monell claims against either the City of Cleveland or Cuyahoga County.  (*Id.*)  In addition, Magistrate Judge Parker notes that "even if the court took judicial notice of those documents, it could only take notice

that those documents *exist* and could not take notice of their contents." (*Id*. at p. 41-42) (emphasis in original).

In her Objections, Plaintiff argues that the Court should take judicial notice of these documents because they are, in fact, highly relevant to her Monell claims. (Doc. Nos. 90, 91.) She maintains that the documents show a "pattern of behavior" on the part of the City and County, i.e., a pattern of harassing her and then refusing to discipline officers, prosecutors, and/or deputies in response to her complaints. (*Id*.) Plaintiff asserts that these exhibits "illustrate[] information that proves the fabrications, policies, practices, and customs the City of Cleveland, Cleveland Police, and Cuyahoga County Prosecutors Office ha[ve] used to violate the rights of citizens, in order to gain convictions." (Doc. No. 91 at p. 5.)

In response, the City of Cleveland and Officer Defendants argue that Magistrate Judge Parker correctly determined that the above exhibits should not be considered at this stage of the proceedings because they are either irrelevant or have been submitted to make an inference of fact based on the truth of the matters asserted therein. (Doc. No. 93 at p.2.)

In ruling on a Rule 12(b)(6) or 12(c) motion, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett,* 528 F.3d at 430. *See also Brent v. Wayne County Dep't of Human Services*, 901 F.3d 656, 694 (6th Cir. 2018) (same); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Under Rule 12(d), "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). If a motion to dismiss is converted to a motion for summary

judgment, the court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id*.

Here, the Court declines to take judicial notice of the documents attached to Plaintiff's Briefs in Opposition (Doc. Nos. 67, 69). Most of the documents cited by Plaintiff are letters and/or emails from her to the City of Cleveland, Cuyahoga County Sheriff's Department and/or the Cuyahoga County Prosecutor's Office, in which she details instances of alleged harassment and other improper behavior on the part of law enforcement officers and/or prosecutors. None of these particular letters or emails are attached to the Complaint or specifically referenced therein. Moreover, as the Magistrate Judge correctly notes, even if the Court were to take judicial notice of these letters and emails, the Court could only consider the existence of these documents (i.e, the fact that Plaintiff sent them and what they say) but not the truth of the specific factual allegations contained therein, as such factual allegations are subject to reasonable dispute. *See In re Omnicare, Inc. Securities Litigation,* 769 F.3d 455, 467 (6th Cir. 2014) ("Federal Rule of Evidence 201 allows a court to take notice of facts not subject to reasonable dispute. Under this standard, we could take notice only of the fact that Omnicare filed the Audit Committee Charter and what that filing said, but we could not consider the statements contained in the document for the truth of the matter asserted, even at the motion-to-dismiss stage."); *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (explaining that "[j]udicial notice is only appropriate if 'the matter [is] beyond reasonable controversy.... The rule proceeds upon the theory that ... dispensing with traditional methods of proof [should only occur] in clear cases.'") (quoting Fed. R. Evid. 201(b) advisory committee's note).

The remaining documents cited by Plaintiff are public records, i.e., the March 26, 2018 journal entry in *State v. Griffin*, Cuy. Cty. Ct. Com. Pl. Case No. CR-17-621174-A, and the November 2010

cleveland.com news article regarding former Cuyahoga County Prosecutor Bill Mason. With regard

to consideration of public records in the context of a Rule 12(b)(6) motion, the Sixth Circuit has

explained as follows:

> All circuits to consider the issue have noted that a court may take judicial notice of at
> least some documents of public record when ruling on a Rule 12(b)(6) motion. *See,*
> *e.g., New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336
> F.3d 495, 501 (6th Cir.2003); *Pension Benefit Guar. Corp. v. White Consol. Indus.*,
> Inc., 998 F.2d 1192, 1197 (3d Cir.1993); *Kramer v. Time Warner, Inc.*, 937 F.2d 767,
> 774 (2d Cir.1991). The majority of these courts, however, have held that the use of
> such documents is proper only for the fact of the documents' existence, and not for the
> truth of the matters asserted therein. *See, e.g., Lovelace v. Software Spectrum, Inc.,* 78
> F.3d 1015, 1018 (5th Cir.1996); *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d
> 1344, 1354–55 (7th Cir.1995). Further, in general a court may only take judicial notice
> of a public record whose existence or contents prove facts whose accuracy cannot
> reasonably be questioned. *See, e.g.*, Fed.R.Evid. 201(b)(2); *Gen. Elec. Capital Corp.*
> *v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997) (collecting cases).
> Despite the fact that the majority of such cases dealt with the public filings of private
> corporations or of judicial proceedings, at least one court has noted that even a judicial
> opinion may not be relied upon, in a motion to dismiss, for the truth of the facts within.
> *Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir.2004). In general, the majority of
> the cases which do not allow a court to take judicial notice of the contents of a public
> record do so because there is no way for an opposing party, prior to the issuance of
> the court's decision, to register his or her disagreement with the facts in the document
> of which the court was taking notice. *See, e.g., Hennessy*, 69 F.3d at 1354–55. **Thus,**
> **in order to preserve a party's right to a fair hearing, a court, on a motion to**
> **dismiss, must only take judicial notice of facts which are not subject to reasonable**
> **dispute.**

*Passa v. City of Cleveland*, 123 Fed. Appx. 694, 697 (6th Cir. 2005) (emphasis added). *See also Platt*

*v. Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court*, 894 F.3d 235,

245 (6th Cir. 2018) (courts may take judicial notice of some public records but "[s]uch notice . . . is

limited: a court may take notice of the documents and what they say, but it '[cannot] consider the

statements contained in the document for the truth of the matter asserted.'") (quoting *In re Omnicare,*

*Inc. Sec. Litig.*, 769 F.3d at 467).

Here, the Court declines to take judicial notice of either the journal entry in *State v. Griffin*, *supra* or the November 2010 cleveland.com article regarding alleged abuses by former Cuyahoga County Prosecutor Bill Mason.  Plaintiff asks the Court to consider the *Griffin* journal entry because "[Defendant] Nuti, the same detective in the plaintiff's case, interfered with exculpatory information by deliberately turning off his bodycam to avoid a witness that could have cleared or gave an objective insight in a criminal case concerning State of Ohio vs. Griffin." (Doc. No. 90 at p.3.)  She seeks to introduce the November 2010 article about alleged abuses by former Cuyahoga County Prosecutor Bill Mason in order to show that the County Prosecutor's Office has a history of "convicting individuals with little or no evidence."  (*Id.*)  In both instances, Plaintiff asks the Court to take judicial notice of facts which are subject to reasonable dispute, which is not appropriate as a matter of law.

Accordingly, and for all the reasons set forth above, the Court agrees with the Magistrate Judge and declines to take judicial notice of the documents attached to Plaintiff's Briefs in Opposition (Doc. Nos. 67, 69.)  Plaintiff's Objection (Doc. No. 90, 91) is without merit and denied.

As noted above, the only objection raised by Plaintiff to the R&R is to Magistrate Judge Parker's recommendation that the Court decline to take judicial notice of the documents identified above.  Plaintiff does not raise any objection to any other finding or conclusion set forth in the R&R.  Specifically, Plaintiff raises no objection to Magistrate Judge Parker's recommendations that (1) the County Defendants' Motion for Judgment on the Pleadings be granted; (2) the John Doe Assistant County Prosecutors be *sua sponte* dismissed; and (3) the City of Cleveland and Officer Defendants' Motion for Judgment on the Pleadings be granted with regard to Plaintiff's claims for unlawful arrest, false imprisonment, abuse of process,  civil conspiracy (as against the City of Cleveland but not the Officer Defendants), malicious prosecution (as against the City of Cleveland and Officers Goshen,

Nuti, and McKenzie but not Officer McCandless), Monell liability (including custom-or-policy claims, failure-to-investigate claims, and failure-to-supervise claims), and emotional distress (as against the City of Cleveland but not the Officer Defendants).

This Court has nonetheless carefully and thoroughly reviewed the R&R with respect to each of the above recommendations and agrees with the Magistrate Judge in all respects. Accordingly, the Court hereby adopts the R&R's findings and conclusions that: (1) the County Defendants' Motion for Judgment on the Pleadings (Doc. No. 41) be granted; (2) the John Doe Assistant County Prosecutors be *sua sponte* dismissed; and (3) the City of Cleveland and Officer Defendants' Motion for Judgment on the Pleadings (Doc. No. 43) be granted with regard to Plaintiff's claims for unlawful arrest, false imprisonment, abuse of process, civil conspiracy (as against the City of Cleveland but not the Officer Defendants), malicious prosecution (as against the City of Cleveland and Officers Goshen, Nuti, and McKenzie but not Officer McCandless), Monell liability (including custom-or-policy claims, failure-to-investigate claims, and failure-to-supervise claims), and emotional distress (as against the City of Cleveland but not the Officer Defendants).

### B. Defendant Officers' Objections

The Officer Defendants raise four specific objections to the R&R. (Doc. No. 92.) Specifically, Defendant McCandless objects to the R&R's conclusion that the Complaint alleges sufficient facts to state a plausible claim against him for malicious prosecution under § 1983. The Officer Defendants collectively object to the R&R's conclusions that the Complaint alleges sufficient facts to state plausible claims for civil conspiracy and intentional infliction of emotional distress. Finally, the Officer Defendants agree with the R&R's recommendation that Defendants' Motions to

Strike be granted, but object to the Magistrate Judge's recommendation that Plaintiff's improper filings nonetheless be considered in evaluating her arguments.[3]

Each of these objections will be discussed separately, below.

### 1. Malicious Prosecution

In Count 1 of the Complaint, Plaintiff asserts a malicious prosecution claim based, in relevant part, on the following allegations:

> 25.  As set forth above, plaintiff was subjected to a criminal proceeding initiated by Officers McCandless Goshen Nuti and McKinsey. McCandless fabricated a report and provided the information to supervisors and they filed the criminal complaint against Plaintiff even though they knew the allegations were false and without probable cause.
>
> 26. The criminal proceeding ended in plaintiffs favor when the judge entered a not guilty finding on April 20, 2017.
>
> 27. The criminal proceeding was initiated without probable cause because the stop was unconstitutional, not all the evidence on which the charges were based were presented to the grand jury, and no additional evidence was ever present to support these charges.
>
> 28. Defendants McCandless and the other police officers acted maliciously or for a purpose other than bringing Plaintiff to justice because they initiated the criminal charges to [sic] in retaliation and to harass plaintiff and to silence her and her work is a private investigator in violation of her first amendment rights.

(Doc. No. 1-1 at ¶¶ 25-28.)

In the R&R, Magistrate Judge Parker recommends that the Court find that Plaintiff's allegations, accepted as true and construed in her favor, are sufficient to state a malicious-prosecution claim against Defendant McCandless.  (Doc. No. 87 at p. 29.)  The Magistrate Judge found that, although the grand jury indictment created a presumption of probable cause for the November 10,

---

[3] Plaintiff submitted a response to the Officer Defendants' Objections on September 10, 2019.  (Doc. No. 95.)  However, she does not address any of the specific arguments or objections raised by the Officer Defendants and, instead, argues again that the Court should take judicial notice of the documents attached to her Briefs in Opposition.  (*Id.*)

2015 traffic stop, "Bickerstaff has alleged that Officer McCandless made false statements—including his statement that he pulled her over due to a headlight violation, which he allegedly knew was false—in the police report that led his supervisors to file a criminal complaint and influenced the prosecutors' decision to continue in her prosecution." (*Id.*) Magistrate Judge Parker found that "these allegations, accepted as true, are sufficient to state a claim that could plausibly overcome Officer McCandless' ability to rely on the grand jury indictment as proof of probable cause." (*Id.*)

In his Objections, Defendant McCandless argues this claim should be dismissed because the Complaint "merely mentions McCandless" and "the one statement made against [him] is a threadbare conclusory statement that fails to pass muster." (Doc. No. 92 at p. 5.) McCandless further argues that this claim should be dismissed because "Plaintiff does not offer any factual support for these conclusory allegations whatsoever." (*Id.*)

To succeed on a malicious prosecution claim under § 1983, a plaintiff must, among other things,[4] show that there is no probable cause to justify an arrest or a prosecution. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 398 (6th Cir. 2016); *Voyticky v. Village of Timberlake*, 412 F.3d 669, 675 (6th Cir. 2005). The Sixth Circuit has explained that "well-established federal law holds that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively

---

[4] To succeed on a federal malicious prosecution claim when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following four elements. First, the plaintiff must show a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). *See also Martin v. Maurer*, 581 Fed. Appx. 509, 511 (6th Cir. 2014*); Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007). Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show there was a lack of probable cause for the criminal prosecution. *See Sykes*, 625 F.3d at 308; *Fox*, 489 F.3d at 237. Third, the plaintiff must show that, as a consequence of a legal proceeding, the plaintiff suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. *Sykes*, 625 F.3d at 309. Fourth, the criminal proceeding must have been resolved in the plaintiff's favor. *Id. See also Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

determines the existence of probable cause.'" *Bickerstaff,* 830 F.3d at 398 (quoting *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006)). An exception to this rule exists, however, "'when the defendants knowingly present false testimony to the grand jury' to obtain an indictment, *Martin v. Maurer*, 581 Fed. Appx. 509, 511 (6th Cir. 2014), or when they 'testify with a reckless disregard for the truth,' *Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014)." *Id.*

Here, the Court agrees with the Magistrate Judge that the Complaint sets forth sufficient factual allegations to state a plausible malicious prosecution claim against Defendant McCandless. Plaintiff alleges that, during the November 10, 2015 traffic stop, McCandless "gave the false pretense he had stopped Bickerstaff because she was driving without headlights on. However, at the subsequent criminal trial against Bickerstaff it was found that Bickerstaff indeed had her headlights on as evidenced by McCandless' own body camera." (Doc. No. 1-1. at ¶ 12.) Plaintiff further alleges that McCandless falsely stated in his police report that her headlights were off and failed to correct this information to either the prosecutors or the grand jury. (*Id.* at ¶ 17, 25.) Accepting these allegations as true, as the Court must on a Rule 12(c) motion for judgment on the pleadings, the Court finds Plaintiff has stated sufficient facts to allow this claim to proceed as against Officer McCandless.

Accordingly, Defendant McCandless' Objection regarding Plaintiff's malicious prosecution claim is without merit and denied.

### 2. Civil Conspiracy

Count IV sets forth a § 1983 civil conspiracy claim against Officer Defendants McCandless, Goshen, Nuti, and McKenzie. (Doc. No. 1-1 at ¶¶ 46-52.) Specifically, Plaintiff alleges as follows:

> 47. Defendant police officers and assistant prosecutors engaged in a conspiracy to suppress Bickerstaff's constitutional rights by meeting and planning to initiate false criminal charges on the basis of an illegal and unconstitutional stop.

48. The Police officers and prosecutors engaged in these conspiratorial acts with the intent to violate Bickerstaff's rights, privileges or immunities and her due process rights as guaranteed by the Constitution. By engaging in an unconstitutional stop and not presenting all the evidence to the grand jury the police officers and the county prosecutors acted with intent to secure the malicious prosecution of Bickerstaff. The police officers and assistant prosecutors acted in a manner that exceeded any privilege they may have had.

49. Defendants agreed and understood that they would plot, plan conspire or act in concert with respect to the deprivation of plaintiff's rights by conducting an illegal stop and initiating false criminal charges against her.

50. Defendants had a meeting of the minds because they agreed to take actions which would further their collective objective of harming Bickerstaff by conducting an illegal stop and initiating false criminal charges based on the violation of Bickerstaff [sic] constitutional rights.

51. Defendants took affirmative acts in furtherance of the conspiracy by conducting an illegal stop, withholding evidence from the grand jury and initiating false criminal charges against Bickerstaff.

(*Id.*)

In the R&R, Magistrate Judge Parker recommends that the Court find that Plaintiff has alleged sufficient facts to state a civil conspiracy claim against the Officer Defendants. (Doc. No. 87 at p. 34.) Magistrate Judge Parker reasoned that "[a]lthough she does not allege exactly *when* or *where* the Officer defendants met with the unidentified prosecutors, construing the facts in Bickerstaff's favor, it is at least *plausible* that the Officer defendants met with the prosecutors before Bickerstaff's November 11, 2015, arrest." (*Id.*) He further found that "it is *plausible* that Bickerstaff's arrest was an overt act in furtherance of the alleged conspiracy." (*Id.*)

The Officer Defendants argue this claim should be dismissed because Plaintiff fails to allege any plausible facts pointing to a conspiracy. (Doc. No. 92 at p. 5.) Defendants further assert that Plaintiff's claim fails because (1) she "cannot claim she was harmed because she pled guilty to charges stemming from the incident," and (2) she has "failed to show that there was an agreement

between two or more persons that caused her injury." (*Id*. at p. 6.) They assert that "the only action that caused her harm is when she was indicted," and "while Plaintiff alleges that the prosecutors and officers conspired with each other to cause her to be indicted, . . . she does not offer any evidence of a 'malicious combination of two or more persons to injure' her." (*Id*. at pp. 6-7.)

As the Magistrate Judge correctly noted, "[a] civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985). To prevail on this claim, a plaintiff must show "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy." *Heyne v. Metro. Nashville Pub. Sch*., 655 F.3d 556, 563 (6th Cir. 2011) (citation omitted). "Although circumstantial evidence may prove a conspiracy, it is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Id.* (brackets, citation, and internal quotation marks omitted).

The Court agrees with the Magistrate Judge that the Complaint sets forth sufficient factual allegations to state plausible civil conspiracy claims against the Officer Defendants. As set forth above, Plaintiff alleges that the Officer Defendants engaged in a conspiracy to violate her constitutional rights when they met with assistant prosecutors and formed a plan to initiate an "illegal and unconstitutional stop." (Doc. No. 1-1 at ¶ 47.) Plaintiff further alleges that the Officer Defendants followed through with this plan, when they stopped her on November 10, 2015 on the "false pretense" that her headlights were off. (*Id*. at ¶ 12.) She claims the Officers then fabricated the police report and assistant prosecutors failed to present important evidence to the grand jury relating to the stop. (*Id.* at ¶ 17, 25.) Reading the Complaint as a whole, and construing the allegations

in a light most favorable to the Plaintiff, the Court finds that Plaintiff has stated sufficient facts to allow this claim to proceed as against the Officer Defendants. *See e.g., Stillwagon v. City of Delaware*, 175 F.Supp.3d 874, 902 (S.D. Ohio 2016) (finding plaintiff had sufficiently pled a civil conspiracy claim where he alleged defendants caused him to be charged with four felony counts even though "[t]he evidence contradicted the elements of each offense alleged, and the evidence also strongly supported the affirmative defense of self-defense.")

Moreover, the Court rejects Defendants' argument that Plaintiff cannot show damages because she "pled guilty" to the underlying offense. In fact, Plaintiff alleges that the CCW and WUD charges stemming from the November 10, 2015 traffic stop proceeded to a bench trial, after which she was found not guilty of all charges. The Officer Defendants' argument that Plaintiff failed to plead that she was harmed as a result of the alleged conspiracy is without merit.

Accordingly, and for all the reasons set forth above, the Officer Defendants' Objection regarding Plaintiff's civil conspiracy claim is without merit and denied.

### 3. Intentional Infliction of Emotional Distress

In Count IX, Plaintiff alleges intentional infliction of emotional distress claims based on the Officer Defendants' "extreme and outrageous conduct" in "recklessly using the prosecutorial system" to "accomplish the goal of convicting citizens based upon outdated evidence, which resulted in the unlawful imprisonment and prosecution of Plaintiff." (Doc. No. 1-1 at ¶ 69.)

In the R&R, Magistrate Judge Parker recommends that the Court find that Plaintiff raised plausible intentional infliction of emotional distress claims against the Officer Defendants. (Doc. No. 87 at pp. 49-51.) Specifically, he found that Plaintiff had sufficiently pled that the Officer Defendants acted maliciously and in bad faith when they (1) conspired with unnamed prosecutors to plan an

illegal arrest and bring charges against her; (2) brought charges against her despite knowing that she did not own the gun found in her back seat; and (3) filed a false police report against her. (*Id*. at p. 50.)

The Officer Defendants argue that this claim should be dismissed because the grand jury indictment "effectively bars Plaintiff's intentional infliction of emotional harm claim." (Doc. No. 92 at p. 7.) They further assert that "Plaintiff does not offer any allegations or arguments that would suggest that the conduct of the Officer Defendants was 'extreme and outrageous.'" (*Id*.)

In order to succeed on a claim of intentional infliction of emotional distress under Ohio law, a plaintiff must demonstrate that: (1) the defendant intended to caused emotional distress, or knew or should have known that his conduct would result in serious emotional distress to the plaintiff; (2) the defendant's conduct was outrageous and extreme; (3) the defendant's conduct was the proximate cause of plaintiff's psychic injuries; and (4) the plaintiff's emotional distress was serious, and of such a nature that no reasonable person could be expected to endure it. *Bolander v. BP Oil Co.,* 128 Fed. Appx. 412, 419 (6th Cir. 2005) (citing *Ekunsumi v. Cincinnati Restoration, Inc*., 698 N.E.2d 503 (Ohio Ct.App.1997) and *Yeager v. Local Union 20*, 453 N.E.2d 666 (1983), *abrogated on other grounds by, Welling v. Weinfeld*, 113 Ohio St.3d 464 (2007). Conduct is "extreme and outrageous" when it "go[es] beyond all possible bounds of decency, and [would] be regarded as atrocious, and utterly intolerable in a civilized community." *See Yeager* , 453 N.E.2d at 671.

The Court agrees with the Magistrate Judge that the Complaint sets forth sufficient factual allegations to state plausible intentional infliction of emotional distress claims against the Officer Defendants. As discussed above, Plaintiff alleges the Officer Defendants (1) met and planned with assistant county prosecutors to violate her civil rights by initiating an illegal traffic stop; (2) illegally

stopped her on November 10, 2015 under the false pretense that her headlights were off; and (3) fabricated a police report, which led to charges being filed against her. The Court finds these allegations are sufficient to plead intentional infliction of emotional distress claims against the Officer Defendants. Moreover, given Plaintiff's allegations that the Officers knowingly allowed false information to be presented to the grand jury, the Court rejects the Officer Defendants' argument that this claim cannot survive in light of the grand jury indictment.

Accordingly, the Officer Defendants' Objection regarding Plaintiff's intentional infliction of emotional distress claim is without merit and denied.

### 4. Motions to Strike

As noted above, the Magistrate Judge recommends granting Defendant's Motions to Strike Plaintiff's "Supplemental Brief in Opposition" filed June 19, 2019 (Doc. No. 69), as well as her replies to Defendants' Reply Briefs (Doc. Nos. 77, 83), on the grounds that these filings were untimely and/or filed without leave. (Doc. No. 87 at p. 10-11.) However, Magistrate Judge Parker found that "nevertheless, Bickerstaff's supplemental opposition brief and sur-replies – which clarify the arguments in her properly filed opposition brief – will be useful to the court's liberal construction of the opposition brief." (*Id*. at p. 13.) The Magistrate Judge therefore recommends that "the Court's order to strike direct the Clerk to leave the documents as public records." (*Id*.)

The Officer Defendants concur in the Magistrate Judge's recommendation that Defendants' Motions to Strike be granted, but "further maintain that . . . the Magistrate's recommendation in this regard should be clarified to mean that" Plaintiff's Supplemental Brief (Doc. No. 69) and two Sur-Replies (Doc. Nos. 77, 83) should be stricken from the record in their entirety. (Doc. No. 92 at p. 4.) They argue that "to allow said stricken filings to nonetheless be used in further consideration would

reward the Plaintiff for ignoring the Order of the Court and for failing to comply with rules of the Court and of the Federal Rules of Civil Procedure." (*Id*.)

Plaintiff does not acknowledge or otherwise respond to this argument.

The Court agrees with Defendants. In the R&R, the Magistrate Judge explains, in detail, why Plaintiff's Supplemental Brief and Sur-Replies were improvidently filed under the Local Rules and Federal Rules of Civil Procedure. (Doc. No. 87 at p. 12.) However, it appears from the R&R that he considered the arguments raised in Plaintiff's improper filings to a certain extent, as the R&R notes that these filings "clarify the arguments in her properly-filed opposition brief" and will, therefore, be "useful to the court's liberal construction of the opposition brief." (*Id*. at p. 13.) Having granted the Defendants' Motions to Strike, it is inconsistent to nonetheless consider Plaintiff's improper Supplemental Brief and Sur-Replies.[5] Therefore, (and in the absence of any argument from Plaintiff that the Magistrate Judge erred in granting the Motions to Strike), it follows that Plaintiff's filings should be marked on the docket as stricken.

Accordingly, the Court finds this Objection well-taken and clarifies that the Plaintiff's Supplemental Brief (Doc. No. 69) and Sur-replies (Doc. Nos. 77, 83) should be marked on the docket as stricken.

In conclusion, the Court rejects the Officer Defendants' Objections regarding Plaintiff's malicious prosecution, civil conspiracy, and intentional infliction of emotional distress claims and hereby adopts the R&R's findings and conclusions with respect thereto. The Court, however, agrees with Defendants regarding the Magistrate Judge's findings as to Defendants' Motions to Strike and

---

[5] Notably, none of the parties to this action argue that Magistrate Judge Parker's limited consideration of Plaintiff's Supplemental Brief and Sur-Replies materially impacted his analysis with respect to any of Plaintiff's claims.

clarifies that Plaintiff's Supplemental Brief (Doc. No. 69) and Sur-replies (Doc. Nos. 77, 83) should be marked on the docket as stricken.[6]

## IV.    Conclusion

Accordingly, and for all the reasons set forth above, Plaintiff's Objections (Doc. Nos. 90 and 91) are DENIED.  The Officer Defendants' Objections (Doc. No. 92) are DENIED as to Plaintiff's malicious prosecution, civil conspiracy, and intentional infliction of emotional distress claims.  The Court, however, agrees with Defendants regarding the Magistrate Judge's findings as to Defendants' Motions to Strike and clarifies that Plaintiff's Supplemental Brief (Doc. No. 69) and Sur-replies (Doc. Nos. 77, 83) should be marked on the docket as stricken.

The Report and Recommendation of Magistrate Judge Parker (Doc. No. 87) is therefore ADOPTED with the sole exception that the Court finds that Plaintiff's Supplemental Brief (Doc. No. 69) and Sur-replies (Doc. Nos. 77, 83) should be marked on the docket as stricken.  The County Defendants' Motion for Judgment on the Pleadings (Doc. No. 41) is GRANTED, and the John Doe Assistant County Prosecutor Defendants are *sua sponte* DISMISSED.  The City of Cleveland and Officer Defendants' Motion for Judgment on the Pleadings (Doc. No. 43) is GRANTED IN PART AND DENIED IN PART, as follows:

> The Motion is GRANTED with regard to Plaintiff's claims for: (1) unlawful arrest; (2) false imprisonment; (3) abuse of process; (4) civil conspiracy (as against the City of Cleveland); (5) malicious prosecution (as against the City of Cleveland and Officers Goshen, Nuti, and McKenzie); (6) Monell liability (including custom-or-policy

---

[6] In a footnote, the Officer Defendants argue (summarily) that "Plaintiff's Counts VI and VII, for alleged Unlawful Arrest and False imprisonment, respectively, should be dismissed outright based on the applicable statute of limitations and, thusly, the merits of those claims need not be considered by the Court."  (Doc. No. 92 at fn 1.) Defendants' request is denied.  The Magistrate Judge provided a lengthy, thorough analysis of these claims, addressing both the statute of limitations and sufficiency of the pleadings as alternative bases for dismissal. Defendants offer no compelling reason to discard the Magistrate Judge's alternative analyses.

claims, failure-to-investigate claims, and failure-to-supervise claims); and (7) emotional distress (as against the City of Cleveland); and

The Motion is DENIED with respect to Plaintiff's claims for malicious prosecution against Defendant McCandless, as well as her civil conspiracy and emotional distress claims against the Officer Defendants.

Finally, and in the absence of any objection from any party, Plaintiff is *sua sponte* granted leave to amend her (1) malicious-prosecution claim against Officers Goshen, Nuti, and McKenzie; (2) abuse of process claim against the Officer defendants; and (3) Monell claims against the City of Cleveland and Cuyahoga County.

**IT IS SO ORDERED.**


　*s/Pamela A. Barker*
PAMELA A. BARKER
Date:  October 21, 2019　　　　　　U. S. DISTRICT JUDGE