IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA V. BICKERSTAFF, | ) | Case No. 1:18-cv-1142-PAB |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| CUYAHOGA COUNTY, et. al., | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | **(Regarding CM/ECF Complaint)** |

On December 17, 2019, plaintiff, Brenda V. Bickerstaff, filed a document complaining about the court's CM/ECF system and requesting a hearing regarding the same. ECF Doc. 111. Among other things, plaintiff alleges:

1) Difficulties regarding the use of a court-issued password, and she alleges that the password has been improperly changed.

2) That she had not been advised concerning filing errors a supervisor said she had made in attempting to file documents in this case.

3) That she was advised the clerk's office does not have time to make corrections arising from plaintiff's filing errors.

4) That she (plaintiff) was not given the opportunity to make corrections to any filing errors.

5) That the conduct of the clerk's office personnel has raised her suspicions and seems "fishy" to her.

Plaintiff requests a hearing to deal with the issues raised in her "complaint."[1]

---

[1] The court will treat ECF Doc. 111 as a motion; the term "complaint" signifies the commencement of a new lawsuit.  Here, plaintiff has voiced complaints about how her ability to deal with CM/ECF filing is handled by the court's clerk's office and requests relief from the court.  The filing is more like a motion and is not a new lawsuit.

The undersigned has reviewed plaintiff's complaints in ECF Doc. 111 and, having conferred briefly by telephone with clerk's office supervisory personnel, I conclude that plaintiff has made a good faith effort to use the court's electronic filing system.  Plaintiff has filed numerous documents in this case, which indicates she is willing and able to use the court's electronic filing system.  I also conclude that plaintiff is experiencing (or has experienced) the normal sort of problems any filer using that system might encounter, particularly as a *pro se* litigant.  With the adoption of electronic filing and the expansion of the PACER system, the "clerk's historic role as liaison between the public and the judiciary" has changed.[2]  "This is not to say that the federal court clerks are in danger of being replaced by machines.  If anything, the turn to automated filing, record-keeping, and information-retrieval systems in the federal courts requires a staff of computer-savvy administrators, and the clerks have had to hire and supervise that staff while mastering new technologies as they become available."[3]

The issues plaintiff has raised in ECF Doc. 111 do not affect the merits of her lawsuit claims or any of her substantive rights in the case.  Instead, they relate to how she is able to go about litigating those claims.  Thus, rather than conducting an in-court hearing on plaintiff's motion[4], I further conclude that plaintiff's concerns would be best addressed if she were given a chance to come to the court, to meet with one or more representatives of the clerk's office, so that:

1) She can have her questions about her CM/ECF password answered.

2) She can ask and have answered any questions she has concerning her efforts to use the court's electronic filing system.

---

[2] *See* I. SCOTT MESSINGER, FED. JUDICIAL CTR., ORDER IN THE COURTS: A HISTORY OF THE FEDERAL COURT CLERK'S OFFICE 72 (2002), https://www.fjc.gov/content/order-courts-history-federal-court-clerks-office-0.

[3] *Id.*

[4] Court hearings normally are reserved to deal with issues in the case as opposed to the sort of concerns plaintiff has raised here regarding the electronic filing system.

3) She can be provided direct instruction or a tutorial concerning frequently encountered filing events.

The court will hold plaintiff's complaint/motion in abeyance while the foregoing steps are taken. If such a conference permits plaintiff to proceed with her use of the CM/ECF system with a minimum of problems, plaintiff's ECF Doc. 111 motion would be rendered moot.

All plaintiff needs to do is contact the clerk's office by telephone and request to speak to Chief Deputy Clerk Vicky Mizell or Supervisor Michelle Sztul.  One of those individuals shall set up the conference with plaintiff at the earliest opportunity.

IT IS SO ORDERED.

Dated: December 30, 2019

Thomas M. Parker
United States Magistrate Judge

3