IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRENDA BICKERSTAFF, | ) Case No. 1:18-cv-1142 |
| | ) |
| Plaintiff, | ) JUDGE PAMELA A. BARKER |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| CUYAHOGA COUNTY, *et al.*, | ) |
| | ) |
| Defendant. | ) **ORDER** |
| | ) |

On January 24, 2020, the Court issued an order stating that it would defer ruling upon plaintiff Brenda Bickerstaff's motion to extend the time to file a response to the County defendants' motion to dismiss (ECF Doc. 122) until Bickerstaff reported on her efforts to seek the defendants' consent for the extension, as required by the Case Management Order. ECF Doc. 123. The court noted that it had previously warned Bickerstaff, in an order granting another motion to extend, that the consent-seeking requirement would be "strictly adhered to in any future requests for an extension of time." ECF Doc. 123 (citing CM/ECF for N.D. Ohio Case No. 1:18-cv-1142, Non-Document Order on Jan. 7, 2020).

Liberally construed, Bickerstaff replies that requesting consent would have been futile because "the defendants have done nothing but shown lack of respect towards the plaintiff, and not answered many of her requests, by phone or email." ECF Doc. 124 at 3. She asserts that she had emailed defendants' counsel before filing a motion for an extension in early January, but the

defendants never answered it. ECF Doc. 124 at 3 (citing "EX-A"). She also asserts that she "did send emails to all parties and once again no answer." ECF Doc. 124 at 3 (citing "EX-B"). Bickerstaff's EX-A, a January 6, 2020, email from Bickerstaff to defendants' counsel, attached two documents and only stated: "I am confident you both will object." ECF Doc. 124-1 at 2. Her EX-B is a January 23, 2020, email from Bickerstaff to defendants' counsel attaching a copy of her motion to extend and stating nothing.[1] ECF Doc. 124-1 at 3.

    This court cannot ascertain from the record before it – two emails *not* asking for consent to an extension – whether it would have been futile for Bickerstaff to ask for consent to file her motion for an extension. The fact is that Bickerstaff – as evidenced by her own emails attached to her filing (ECF Doc. 124-1 at 2-3) – never actually asked for defendants' consent to the extension she now seeks. And she neglected to seek the defendants' consent knowing this court had stated it would require *strict compliance* with the consent-seeking requirement. Bickerstaff's noncompliance with the case management order's consent-seeking requirement undermines her attempt to show good cause for an extension under Fed. R. Civ. P. 16(b). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's *diligence in attempting to meet the case management order's requirements.*").

    To avoid denial of her motion to extend, Bickerstaff must cure her failure to comply with the case management order's consent-seeking requirement. To do so, Bickerstaff must ask the defendants' consent on or before close of business on January 31, 2020. The court expects opposing counsel to respond to any correspondence from plaintiff by the close of business on the same day for any messages received by 3:00 PM and by noon on the next business day for any

---

[1] Both emails also contain an intended recipient/unauthorized access disclaimer. ECF Doc. 124-1 at 2-3.

messages received after 3:00 PM.  After plaintiff receives a response or the above-described time to respond expires, Bickerstaff shall certify to the court that: (1) she asked defendants for consent to her extension; and (2) that the defendants consented, did not consent, or failed to respond. Given Bickerstaff's work obligations (helping prepare a trail witness list for a trial beginning on January 28, 2020, and serving a subpoena for a witness to testify at a trial on January 29, 2020), the court will not require plaintiff to furnish her certification to her motion until after February 2, 2020.

Should Bickerstaff wish to seek a longer extension – beyond January 31, 2020, as initially requested in her motion (ECF Doc. 122) – to avoid conflicts with her work, she should ensure that her request for consent from defendants notes the full period of extension she requires and her certification to this court should indicate any updated extension period.

**IT IS SO ORDERED.**

Dated: January 27, 2020

Thomas M. Parker
United States Magistrate Judge

3