# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **Brenda V. Bickerstaff,** | Case No. 1:18cv1142 |
| **Plaintiff,** | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge Thomas Parker** |
| **Cuyahoga County, et al.,** | |
| **Defendants.** | **MEMORANDUM OPINION AND ORDER** |

Currently pending is Plaintiff Brenda V. Bickerstaff's Objection to the Order of Magistrate Judge Thomas Parker denying her Motion for Voluntary Recusal. (Doc. No. 132.) For the following reasons, Plaintiff's Objection is overruled.

## I. Relevant Procedural Background

On December 30, 2019, Plaintiff filed a Motion seeking the Voluntary Recusal of Magistrate Judge Thomas Parker. (Doc. No. 113.) Therein, Plaintiff asserts that the Magistrate Judge "has and continues to interfere" with her civil rights case by (1) engaging in *ex parte* conversations with the named defendants; (2) filing a false allegation against her on the docket that Plaintiff displayed inappropriate behavior towards members of the Clerk's Office; (3) misleading the Plaintiff and providing legal advice in his Report & Recommendation on Defendants' Motion for Judgment on the Pleadings; and (4) "manipulating the process against the plaintiff in this proceeding." (*Id*.)

Defendants opposed Plaintiff's Motion, noting that it was her third attempt to have a member of the judiciary removed from the instant case. (Doc. No. 119.) Defendants assert that Plaintiff "has failed to show why any reasonable objective person would believe that Magistrate Parker has not been impartial to the matters of this case." (*Id*.)

Plaintiff thereafter filed a Reply, in which she insisted that Magistrate Judge Parker had misled her in his Report & Recommendation and failed to act in good faith throughout these proceedings. (Doc. No. 120.)

On January 8, 2020, Magistrate Judge Parker issued an Order denying Plaintiff's Motion. (Doc. No. 121.) In relevant part, the Magistrate Judge found as follows:

> Bickerstaff's unsupported, conclusory allegations that the undersigned had *ex parte* conversations with the defendants and gave her misleading legal advice do not provide a basis for recusal. Here, the facts must be taken as they actually existed. *Cheney*, 541 U.S. at 914. The undersigned has never had a single *ex parte* communication with any party or counsel. Moreover, the undersigned has never given Bickerstaff any legal advice. [fn omitted]. The undersigned harbors no bias against Bickerstaff; and the record in this case indicates that the court has made rulings for and against defendants' positions, just as he has in respect to Bickerstaff's arguments. Thus, because no basis for recusal under Sections 144 or 455 exists, the undersigned has an obligation not to recuse himself. *Hoffa*, 382 F.2d at 861; *Baskes*, 687 F.2d at 170; *Fleming*, 2019 U.S. Dist. LEXIS 16544, at *4-5. Accordingly, Bickerstaff's motion seeking voluntary recusal (ECF Doc. 113) must be and hereby is DENIED.

(*Id.* at p. 3-4.)

Nearly six weeks later, on February 25, 2020, Plaintiff filed an Objection to the above Order. (Doc. No. 132.) Therein, Plaintiff asserts that Magistrate Judge Parker "is refusing to take into account his own behavior, which he fabricated information to the court and placed it on the docket." (*Id*.) She complains that he violated her due process rights by failing to conduct a hearing regarding the accusation that she had behaved inappropriately towards Clerks' Office staff. (*Id*.) Lastly,

2

Plaintiff asserts that Magistrate Judge Parker is biased "and the evidence shows he is over zealous towards the plaintiff." (*Id.*)

## II. Legal Standard

"When a district judge reviews a magistrate judge's resolution of a non-dispositive matter, it is not a *de novo* review, as it is in relation to a magistrate judge's recommendation as to a dispositive matter." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc*., 2013 WL 992125 at *6 (S.D. Oh. Mar. 13, 2013). *See also United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Rather, the Magistrate Judge's decision is subject to review under Rule 72(a) and reversal when it "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See Curtis*, 237 F.3d at 603; *Alvarado v. Warden, Ohio State Penitentiary*, 2018 WL 5783676 at * 1 (N.D. Ohio Nov. 5, 2018); *Phillips v. LaRose*, 2019 WL 5729919 at * 2 (N.D. Ohio Nov. 5, 2019).

The clearly erroneous standard applies to factual findings, while legal conclusions are reviewed under the contrary to law standard. *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co*., 621 F.Supp.2d 603, 605 (W.D. Tenn. 2009). As the Sixth Circuit has explained, "'[a] [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Bisig v. Time Warner Cable, Inc*., 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. U.S. Gypsum Co*., 333 U.S. 364, 395 (1948)). "An order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id*. (quoting *United States v. Winsper*, 2013 WL 5673617 at *1 (W.D. Ky. Oct. 17, 2013)).

When a petitioner objects to a magistrate judge's resolution of a dispositive matter, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). Specifically, a district judge:

3

>must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, 2006 WL 903199 at * 7 (N.D. Ohio April 7, 2006) (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).

**III. Analysis**

Here, Plaintiff objects to the Magistrate Judge's denial of her Motion for Voluntary Recusal, which is a non-dispositive matter. Thus, the Court considers Plaintiff's objections under the clearly erroneous or contrary to law standard, set forth above. For the following reasons, the Court finds that the Magistrate Judge's determination that recusal was not warranted is neither clearly erroneous or contrary to law.

The Sixth Circuit has held that a judge is "presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" *Scott v. Metropolitan Health Corporation*, 234 Fed. Appx. 341, 352 (6th Cir.2007). There are two federal statutes that govern recusal. Under 28 U.S.C. § 144, a judge must recuse him or herself when a party files a "timely and sufficient affidavit" alleging "personal bias or prejudice" and where there is a showing of actual bias. Bias or prejudice means "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not possess ..., or because it is excessive in degree...." *Liteky v. United States*, 510 U.S. 540,

4

550 (1994).  *See also Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir. 2006); *United States v. Viola*, 2015 WL 5084765 at * 2 (N.D. Ohio Aug. 27, 2015).

Title 28 U.S.C. § 455 requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).  Section 455 is designed "'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *Union Planters Bank v. L & J Dev. Co., Inc.*, 115 F.3d 378, 383 (6th Cir.1997) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)).  *See also Scott*, 234 Fed. Appx. at 354.  Under § 455, the ultimate question is whether "a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999).  Because the standard is objective, the judge need not recuse him or herself based on the subjective view of a party.  *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir.1990).

Under either statute, "[a] judge's prejudice or bias may stem from either personal or extrajudicial sources, or arise during the course of current or prior proceedings." *Burley v. Gagacki,* 834 F.3d 606, 616 (6th Cir. 2016) (citing *Liteky*, 510 U.S. at 555).  The fact that a litigant disagrees with the legal rulings in the case, however, does not establish that the court's decisions are the product of bias.  *Shepard v. United States*, 2009 WL 3106554 at *2–3 (E.D. Mich. Sept.18, 2009).  Moreover, the subjective view of the party involved is not sufficient to support a recusal motion, no matter how strongly that view may be held.  *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Further, "the Supreme Court held that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Wilson v. Parker*, 515 F.3d 682, 701 (6th Cir.2008) (citing *Litecky*, 510

5

U.S. at 555). Recusal is only required when "the probability of actual bias on the part of the judge or decisionmakers is too high to be constitutionally tolerable." *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (2016)).

Here, Plaintiff has not shown that the Magistrate Judge's denial of her Motion for Voluntary Recusal was clearly erroneous or contrary to law. As the Magistrate Judge correctly noted, Plaintiff's allegations of *ex parte* conversations with the Defendants are unsupported and conclusory. Despite numerous opportunities to do so, Plaintiff has offered no explanation of the basis for her belief that any such *ex parte* communications occurred. Unfounded assertions and allegations based on nothing more than personal belief are not sufficient to demonstrate that a judicial officer has engaged in inappropriate *ex parte* communications. Nor are such unfounded assertions and allegations sufficient to demonstrate bias or impartiality. The Magistrate Judge did not err in rejecting this basis for Plaintiff's Motion.

The Court also finds no merit in Plaintiff's argument that the Magistrate Judge filed "false allegations" about her on the docket that demonstrate a personal bias against her. Plaintiff appears to be referring to an Order issued by the Magistrate Judge on March 29, 2019, which stated (in relevant part) as follows:

> The court has been made aware that Plaintiff Brenda Bickerstaff has had difficulty using her CM/ECF account, and that Bickerstaff has not conducted herself appropriately when contacting court staff to resolve her CM/ECF concerns. [fn 1] While the court understands that there is a learning curve to filing documents through CM/ECF, the privilege to file electronically through CM/ECF came with the expectation that Bickerstaff would familiarize herself with the court's rules and procedures for using CM/ECF. Copies of the rules are available on the court's website. ***. If plaintiff is unable to familiarize herself with the rules and procedures for using the CM/ECF system, she may resume submitting paper filings.
>
> Furthermore, the court will not tolerate any abuse of court staff or resources. If the court receives any further reports of inappropriate conduct, the court will schedule a

6

      hearing to determine whether Bickerstaff's CM/ECF filing privileges should be withdrawn. If Bickerstaff wishes, she may file a response or request a hearing in regard to the foregoing.

(Doc. No. 46.)[1]

The Court finds that the above Order does not demonstrate either bias or impartiality. While the Magistrate Judge cautioned Plaintiff against engaging in abusive conduct towards Clerk's Office staff, he did not restrict her access to CM/ECF or otherwise sanction her in any way. Indeed, the docket reflects that the Magistrate Judge subsequently provided Plaintiff with the opportunity to come to the Courthouse to meet with representatives of the Clerk's Office to (1) answer her questions about her CM/ECF password; (2) ask questions about using the Court's electronic filing system; and (3) receive direct instruction or a tutorial concerning frequently encountered filing events. (Doc. No. 112.) Plaintiff did so on January 9, 2020 and successfully received one-on-one training from Clerk's Office Staff. (Doc. No. 128.) The docket reflects that the Magistrate Judge later denied Plaintiff's request for a hearing on this issue as moot, after Plaintiff failed to report any further significant problems. (Doc. No. 129.)

Based on the above, the Court finds no evidence of bias or impartiality. Rather, and to the contrary, the Magistrate Judge patiently worked with Plaintiff to resolve her concerns and ensure her continued access to the Court's electronic filing system. Plaintiff has failed to show that recusal on this ground is warranted.

---

[1] In addition, in a footnote, the Magistrate Judge stated as follows: "Clerk's office personnel have described Bickerstaff's phone calls as 'argumentative,' 'rude,' and 'belligerent.' Further, court staff have reported that Bickerstaff is recording her phone conversations with them, and that Bickerstaff has accused the court staff of being 'rude' and 'not helpful' when they do not walk her through filing documents in CM/ECF." (*Id*. at fn. 1.)

Finally, the Court finds that Plaintiff has not shown that recusal is necessary because the Magistrate Judge misled her in his Report & Recommendation regarding Defendants' Motion for Judgment on the Pleadings. (Doc. No. 87.) Plaintiff has not sufficiently explained in what manner she believes she was misled by the Magistrate Judges' ruling and the Court cannot conceive of any. Indeed, the Court notes that, in his Report & Recommendation, the Magistrate Judge recommended that the Court *sua sponte* grant Plaintiff leave to amend her (1) malicious-prosecution claim against Officers Goshen, Nuti, and McKenzie; (2) abuse of process claim against the Officer defendants; and (3) Monell claims against Cleveland and Cuyahoga County. (*Id.*) This Court agreed with the Magistrate Judge's recommendation with respect to this issue and allowed Plaintiff to *sua sponte* amend her Complaint. (Doc. No. 97 at p. 27.) In sum, Plaintiff fails to sufficiently explain how she was misled by the Magistrate Judge's R&R or otherwise demonstrate that his ruling reveals either bias or prejudice.

Accordingly, and for all the reasons set forth above, the Court finds that the Magistrate Judge's Order denying her Motion for Voluntary Recusal is neither clearly erroneous or contrary to law. Plaintiff's Objection (Doc. No. 132) is overruled.[2]

---

[2] Even if this Court were to conduct a *de novo* review of Plaintiff's Objection, it would find, for all the reasons set forth above, that Plaintiff has failed to demonstrate recusal is necessary or warranted under either 28 U.S.C. §§ 144 or 455.

**IV. Conclusion**

For all the reasons set forth above, the Court finds that the Magistrate Judge's Order denying Plaintiff's Motion for Voluntary Recusal is neither clearly erroneous or contrary to law. Plaintiff's Objection (Doc. No. 132) is overruled.

**IT IS SO ORDERED.**

Date: April 15, 2020

       *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE