**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Brenda V. Bickerstaff, | Case No. 1:18cv1142 |
|                 **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| | Magistrate Judge Thomas Parker |
| Cuyahoga County, et al., | |
|                 **Defendants.** | **MEMORANDUM OPINION AND ORDER** |

Currently pending are Plaintiff Brenda V. Bickerstaff's Objections (Doc. Nos. 117, 141) to the Orders of Magistrate Judge Thomas Parker dated January 2, 2020 and April 8, 2020, denying her Motion for Leave to File Objections and Motions for Leave to Amend her Complaint and for Sanctions, respectively. For the following reasons, Plaintiff's Objections are overruled.

**I.      Relevant Procedural Background**

On April 20, 2018, Plaintiff filed a Complaint in the Cuyahoga County Court of Common Pleas against Cuyahoga County; Cuyahoga County Prosecutor Michael O'Malley; Cuyahoga County Assistant Prosecutors John Does 1 and 2; Cuyahoga County Sheriff Clifford Pinkney; the City of Cleveland; and City of Cleveland Police Officers Daniel McCandless, Delonzo Goshen, Donald Nuti, and Timothy McKenzie. (Doc. No. 1-1.) Plaintiff's Complaint asserted claims under 42 U.S.C. § 1983 for malicious prosecution, "municipal liability under Monell," failure to supervise, civil

conspiracy, failure to investigate, unlawful arrest, false imprisonment, and abuse of process, as well as state law claims for intentional and negligent infliction of emotional distress. (*Id.*)

On May 17, 2018, the Cuyahoga County Defendants removed the Complaint to this Court. (Doc. No. 1.) Separate Answers were filed by the Cuyahoga County and City of Cleveland Defendants on June 28, 2018. (Doc. Nos. 5, 6.)

On November 27, 2018, then-assigned District Judge Christopher Boyko referred the case to Magistrate Judge Thomas Parker for pretrial supervision.[1] (Doc. No. 16.)

In March 2019, the Cuyahoga County and City of Cleveland Defendants each filed Motions for Judgment on the Pleadings. (Doc. Nos. 41, 43.) On August 12, 2019, Magistrate Judge Parker issued a Report and Recommendation ("R&R") on Defendants' Motions. (Doc. No. 87.) Therein, Magistrate Judge Parker recommended that the Court grant the Cuyahoga County Defendants' Motion and *sua sponte* dismiss the John Doe Assistant County Prosecutor Defendants. (*Id.* at pp. 16-17, 54.) He further recommended that the Court grant the City of Cleveland Defendants' Motion for Judgment on the Pleadings with regard to Plaintiff's claims for: (1) unlawful arrest; (2) false imprisonment; (3) abuse of process; (4) civil conspiracy (as against the City of Cleveland but not the Officer Defendants); (5) malicious prosecution (as against the City of Cleveland and Officers Goshen, Nuti, and McKenzie, but not Officer McCandless); (6) Monell liability (including custom-or-policy claims, failure-to-investigate claims, and failure-to-supervise claims); and (7) emotional distress (as against the City of Cleveland but not the Officer Defendants) (*Id.* at pp. 54-55.) Magistrate Judge Parker recommended the City's Motion be denied with respect to Plaintiff's claims for malicious

---

[1] This matter was reassigned to the undersigned on June 27, 2019 pursuant to General order 2019-13.

prosecution against Defendant McCandless, as well as her civil conspiracy and emotional distress claims against the Officer Defendants. (*Id*. at p. 55.)

Finally, Magistrate Judge Parker recommended that the Court *sua sponte* grant Plaintiff leave to amend (1) the malicious-prosecution claim against Officers Goshen, Nuti, and McKenzie; (2) the abuse of process claim against the Officer defendants; and (3) the Monell claims against Cleveland and Cuyahoga County. (*Id*.)

Plaintiff filed Objections and "Supplemental Objections" to the R&R on August 26, 2019, which Defendants opposed. (Doc. Nos. 90, 91, 93, 94.) The City of Cleveland Defendants filed Objections on August 27, 2019, which Plaintiff opposed. (Doc. Nos. 92, 95.)

On October 21, 2019, the Court issued a Memorandum Opinion & Order adopting Judge Parker's R&R in all material respects. (Doc. No. 97.)

Plaintiff thereafter filed an Amended Complaint on November 12, 2019. (Doc. No. 101.) The City of Cleveland and Cuyahoga County Defendants each filed Motions to Dismiss. (Doc. Nos. 102, 105.) Plaintiff opposed both motions. (Doc. Nos. 107, 130.)

Meanwhile, on December 17, 2019, Plaintiff filed a "Motion for Leave to File Plaintiff['s] Objection to Report and Recommendation and Judge Barker's Order Adopting Magistrate Parker Recommendation and Requesting a Hearing on the Record." (Doc. No. 110.) Therein, Plaintiff requested a hearing, arguing that "the magistrate along with Judge Boyko . . . have not been impartial with this case."[2] (*Id*. at p. 4.) She further asserted that Judge Parker had behaved unethically and

---

[2] Plaintiff also filed a Motion seeking Judge Parker's recusal, which Judge Parker denied. (Doc. Nos. 113, 121.) Plaintiff later filed an Objection (Doc. No. 132), which this Court overruled on April 15, 2020 (Doc. No.142.)

misled the undersigned in his R&R. (*Id.*) The City of Cleveland Defendants opposed the motion. (Doc. No. 114.)

On January 2, 2020, Magistrate Judge Parker issued an Order denying Plaintiff's Motion for Leave to File an Objection. (Doc. No. 116.) Therein, he found that "Bickerstaff's motion does not assert an intervening change in controlling law, new evidence, or a manifest injustice" and, instead, "seeks only to present the same arguments she has previously raised, or could have raised, in objections that the Court rejected." (*Id.* at p. 2.) Plaintiff thereafter filed an Objection to Judge Parker's Order. (Doc. No. 117.)

On March 11, 2020, Plaintiff filed a Motion for Leave to File Amended Complaint, in which she sought leave to add Cuyahoga County Jail Warden Gregory Croucher as Defendant based on interactions she had with him and other jail personnel in January and February 2020. (Doc. No. 134.) The following day, Plaintiff filed another Motion to Amend on the same grounds. (Doc. No. 136.) Several days later, she filed a Motion for Sanctions against the Cuyahoga County Defendants based on comments allegedly made by Warden Croucher and defense counsel Robert Cathcart. (Doc. No. 137.)

On April 8, 2020, Magistrate Judge Parker issued an Order denying Plaintiff's Motions. (Doc. No. 140.) Plaintiff filed an Objection on April 13, 2020. (Doc. No. 141.)

**II.  Legal Standard**

"When a district judge reviews a magistrate judge's resolution of a non-dispositive matter, it is not a *de novo* review, as it is in relation to a magistrate judge's recommendation as to a dispositive matter." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 2013 WL 992125 at *6 (S.D. Oh. Mar. 13, 2013). *See also United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Rather, the

Magistrate Judge's decision is subject to review under Rule 72(a) and reversal when it "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See Curtis*, 237 F.3d at 603; *Alvarado v. Warden, Ohio State Penitentiary*, 2018 WL 5783676 at * 1 (N.D. Ohio Nov. 5, 2018); *Phillips v. LaRose*, 2019 WL 5729919 at * 2 (N.D. Ohio Nov. 5, 2019).

The clearly erroneous standard applies to factual findings, while legal conclusions are reviewed under the contrary to law standard. *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F.Supp.2d 603, 605 (W.D. Tenn. 2009). As the Sixth Circuit has explained, "'[a] [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *United States v. Winsper*, 2013 WL 5673617 at *1 (W.D. Ky. Oct. 17, 2013)).

When a petitioner objects to a magistrate judge's resolution of a dispositive matter, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). Specifically, a district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, 2006 WL 903199 at * 7 (N.D. Ohio April 7, 2006) (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).

5

**III.     Analysis**

    **A.     Objection to denial of Motion for Leave to file Objection (Doc. No. 117)**

Plaintiff objects to the Magistrate Judge's denial of her Motion for Leave to file Objections, which is a non-dispositive matter. Thus, the Court considers Plaintiff's objection under the clearly erroneous or contrary to law standard, set forth above. For the following reasons, the Court finds that the Magistrate Judge's denial of Plaintiff's Motion for Leave is neither clearly erroneous nor contrary to law.

In her Objection, Plaintiff argues that she "has experienced nothing but harassment from this Magistrate Parker, Judge Boyko along with defendants in this case." (Doc. No. 117.) She asserts that Judge Parker "placed false information" about her on the docket, accuses him of bias, and again requests that he be removed from the case. (*Id*. at p. 4.) Plaintiff argues that defense counsel has had *ex parte* conversations with the Court and requests a hearing on the record. (*Id.* at p. 5.)

Plaintiff's Objection is without merit and overruled. This Court has already considered, and rejected as unfounded, Plaintiff's arguments that Magistrate Judge Parker has engaged in *ex parte* conversations, exhibited bias, or otherwise treated Plaintiff unfairly. *See* Doc. No. 142. Moreover, Plaintiff has not sufficiently identified or argued a clear error of law, newly discovered evidence, an intervening change in controlling law, or manifest injustice that would warrant allowing further Objections and/or reconsideration of this Court's October 21, 2019 Memorandum Opinion & Order under either Fed. R. Civ. P. 59(e) or 60(b).[3]  *See Brumley v. United Parcel Service, Inc*., 909 F.3d

---

[3] The Court notes that Plaintiff's Motion for Leave to File Objections is also untimely. Judge Parker's Report & Recommendation regarding Defendants' Motions for Judgment on the Pleadings was filed on August 12, 2019. This Court adopted the R&R on October 21, 2019. Plaintiff did not file her Motion for Leave to File Objections to this Court's Opinion & Order until nearly two months later, on December 17, 2019. This is well beyond the fourteen (14) day Objection period set forth in the Court's Local Rules. *See* Local Rule 72.3.

834, 841 (6th Cir. 2018); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000); *Jinks v. Allied Signal, Inc.,* 250 F.3d 381, 385 (6th Cir. 2001).

Accordingly, the Court finds that Magistrate Parker's January 2, 2020 Order (Doc. No. 116) denying Plaintiff's Motion for Leave (Doc. No. 110) is neither clearly erroneous nor contrary to law. Plaintiff's Objection (Doc. No. 117) is therefore overruled.

### B. Objection to denial of Motion for Leave to Amend Complaint (Doc. No. 141)

Plaintiff objects to the Magistrate Judge's denial of her Motions for Leave to Amend Complaint (Doc. Nos. 134, 136.) Giving Plaintiff every benefit of the doubt, the Court will construe Plaintiff's Motions as raising a dispositive matter and will therefore review her Objection *de novo*. For the following reasons, the Court finds that Plaintiff's Objection is without merit.

As noted above, in her Motions for Leave to File Amended Complaint, Plaintiff sought leave to add Cuyahoga County Jail Warden Gregory Croucher as Defendant based on interactions she had with him and other jail personnel in January and February 2020. (Doc. No. 134, 136.) Judge Parker denied her Motions, finding that "[t]he claims Bickerstaff now seeks to add to her complaint are unrelated to the claims alleged in her original and amended complaint, which all arose out of Bickerstaff's November 11, 2015 arrest, subsequent prosecution, and acquittal." (Doc. No. 140.)

In her Objection, Plaintiff argues that "the amendment of my Complaint to insert Warden Croucher supports the plaintiff['s] Monell claims against the county for violating my constitutional right to free speech and filing a lawsuit." (Doc. No. 141.) Specifically, she argues as follows:

> On February 23rd, 2020, the plaintiff had a conversation with Warden Crouched [sic]. At that time he informed the plaintiff, that he had spoken to city of Cleveland police officers and learned of the filing of my complaint. He said that the plaintiff was out to get officers badges. He was very upset about the filing of the complaint. After that he restricted the plaintiff's access to the jail so that the plaintiff could not perform her job duties as a private investigator. The plaintiff restriction by Warden Croucher is further

7

> evidence of the conspiracy between the county and the city of Cleveland and is retaliation for the plaintiff asserting my first amendment rights to file a lawsuit. It is also the basis of my Monell claims against the county because this is part of their policy interfering with citizens constitutional rights. Thus it is extremely relevant to my case and my motion to amend the complaint should be allowed.

(*Id.* at p. 3.) Plaintiff argues that "Warden Croucher punished the plaintiff due to the lawsuit pending against the county and the city," and "the court needs to allow the additional claims which shows the same patterns of behavior that Warden Croucher did to the plaintiff not allowing the plaintiff to conduct official business visiting clients in the County Jail pertaining to criminal cases pending in the Court of Common Pleas." (*Id.* at p. 4.)

Defendants did not respond to Plaintiff's Objection.

For the following reasons, the Court finds Plaintiff's Objection to be without merit. As set forth in her Amended Complaint, Plaintiff's Monell claims against the County relate to the alleged policy or custom of the Cuyahoga County Prosecutor's Office of improperly withholding evidence from grand juries and maliciously prosecuting residents in retaliation for filing complaints against police officers. (Doc. No. 101.) Specifically, Count III of the Amended Complaint alleges, in relevant part, as follows:

> 38. Here the Cleveland Police Department and the Cuyahoga County Prosecutors office operated under policies or customs created by the city of Cleveland and county and directed through officers and assistant prosecutors for violating constitutional rights and civil liberties of the plaintiff who is a private investigator after asserting her First Amendment rights to complain against them and testify in cases for criminal defense lawyers.
>
> 39. The Cleveland police officers and the prosecutors operated under a policy where they withhold evidence from the grand jury to seek indictment and maliciously prosecute residents of the city of Cleveland. This policy is evident because these officers initiated baseless criminal charges against the plaintiff when it was clear [the] gun in her car belong to her son and that her stop was unconstitutional.

8

> 40. This conduct is evidence [that] the police officers and Cuyahoga county prosecutors withholding of evidence and malicious prosecution is akin to the standard operating procedure of the city and the county. The neither police officers nor assistant prosecutors ever faced disciplinary action by the city of Cleveland or county which leads one to believe the city and county approved of these tactics as pursuant to city and county policy.
>
> 41. Upon complaints by the plaintiff[,] the city and county not only ignored her concerns about being targeted by police officers and assistant county prosecutors but engaged in a policy or custom directed at trampling her constitutional rights.
>
> 42. As a direct and proximate result of the city and county policy or custom Plaintiff suffered cognizable harm including the violation of her constitutional rights as set forth above.

(Doc. No. 101 at ¶¶ 38-42.) Plaintiff further alleges that the County Defendants failed to supervise its prosecutors and, further, failed to investigate "complaints that police officers and assistant prosecutors were abusing their authority and harassing the plaintiff by proceeding in falsely arresting and maliciously prosecuting citizens like Bickerstaff." (*Id*. at ¶ 61.) Lastly, Plaintiff alleges that "Cuyahoga county through its assistant prosecutors also are liable under Monell because there are many instances of stepping in to stop the plaintiff from testifying in cases and presenting evidence on behalf of defendant is a violation of the plaintiff['s] first amendment constitutional rights and the plaintiff have complained on several occasions to these prosecutors supervisors with no action taken on the plaintiff['s] behalf." (*Id.* at ¶ 52.)

Plaintiff's proposed claims against Warden Croucher are not related to the specific Monell claims set forth above against Cuyahoga County, which center on the Cuyahoga County Prosecutor's Office alleged policy or custom of withholding evidence from the grand jury and maliciously prosecuting individuals who complain about police officers. Rather, the new claims that Plaintiff seeks to add against Warden Croucher would insert an entirely new theory of Monell liability into the instant action, premised on the Warden's alleged refusal to allow Plaintiff access to her clients

9

housed at the jail in retaliation for her filing of complaints against police officers. Thus, the Court rejects Plaintiff's argument that she should be granted leave to amend on the grounds that her proposed claims against Warden Croucher are relevant to her existing Monell claims against the County. *See, e.g., Hestep v. Poteet*, 27 Fed. Appx. 308, 309 (6th Cir. 2001) (finding district court did not abuse its discretion in denying motion to amend where the motion "sought to allege new, unrelated claims against new defendants.")

Nor has Plaintiff otherwise shown that amendment would be proper at this time. Pursuant to Fed. R. Civ. P. 15(a)(2), a court "should freely give leave [to amend] when justice so requires." *See also Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002) ("Generally, leave to amend is 'freely given when justice so requires.'"). However, "[a] motion for leave to amend the complaint may be denied when the motion is the product of undue delay, bad faith, or dilatory motive, amendment would cause undue prejudice to the opposing party, the plaintiff repeatedly failed to cure deficiencies in the complaint with previous amendments, or amendment of the complaint would be futile." *Springs v. U.S. Dep't of Treasury*, 567 Fed. Appx 438, 443 (6th Cir. 2014).

Here, the Court finds that allowing amendment at this time to add unrelated claims against an entirely new defendant would unduly prejudice Defendants herein and cause significant delay. This case has been pending for over two years, since May 2018. Plaintiff has already once been granted leave to file an Amended Complaint (nearly eight months ago) and Defendants have expended significant time and resources in filing their Motions to Dismiss, which are fully ripe and ready for resolution. Moreover, as discussed above, Plaintiff's proposed claims are unrelated to her current Monell claims against the County.

Accordingly, upon *de novo* review and for all the reasons set forth above, the Court finds that the Magistrate Judge properly denied Plaintiff's Motions for Leave to Amend. Plaintiff's Objection (Doc. No. 141) is without merit and denied.

## IV. Conclusion

For all the reasons set forth above, Plaintiff's Objections (Doc. No. 117, 141) to Magistrate Judge Parker's January 2, 2020 and April 8, 2020 Orders are without merit and overruled.

**IT IS SO ORDERED.**

Date: June 5, 2020

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

11